[S. F. No. 489.   Department One.—February 13, 1897.]

## FRANK O'NEAL, Respondent, v. W. H. HART ET AL., Appellants.

Mortgage—Provision for Counsel Fees—Judgment.—A provision in a mortgage to the effect that in a suit for its foreclosure, the decree may be had for the sale of the mortgaged premises, and out of the proceeds there might be retained . . . . the costs and charges of making such sale. and of suit for foreclosure, "including counsel fees," authorizes the court to include such counsel fees in its decree as a part of the obligation secured by the mortgage.

Id.—Grant of Mortgaged Premises—Agreement to Assume Mortgage —Deficiency.—A grantee of the mortgaged premises, who has assumed the payment of the mortgaged indebtedness, may have a deficiency judgment docketed against him.   But if the mortgagee declines to request such judgment, the court is not required to include it in the decree.   The mortgagor, however, is not entitled to a judgment for such deficiency against the grantee until after he has paid the same.

Appeal from a judgment of the Superior Court of Alameda County.   F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

T. W. Nowlin, for Appellant Hart.

A. A. Moore, for Appellant Burdick.

J. K. Piersol, and C. T. Johns, for Respondent.

The Court.—1. The mortgage which is foreclosed herein was given to secure the payment of a promissory note of the defendant, Hart, and contained a clause which provided that in a suit for its foreclosure "a decree may be had to sell the said premises in the manner prescribed by law, and out of the money arising from such sale to retain the principal and interest, together with the costs and charges of making such sale, and of suit for foreclosure, including counsel fees, at the rate of five per cent, upon the amount which may be found due for principal and interest by the said decree." This express provision that counsel fees are to be regarded as a part of the costs of a suit for foreclosure, and that, if such suit be brought, there shall be en-

tered therein a decree to retain said counsel fees, created an obligation for their payment upon the mortgagor of the same nature as his obligation to discharge other costs of foreclosure, and authorized the court to include them in its decree as a part of the obligation secured by the mortgage.

2. The court did not err in refusing to direct that if the proceeds of the sale are insufficient to pay the amount of the judgment against Hart, the deficiency should be docketed against the defendant Burdick, as well as Hart. Hart had conveyed the mortgaged premises to Burdick after the execution of his mortgage to the plaintiff, and his grantee had assumed the mortgage and agreed to pay the same. This would have authorized the court at the request of the plaintiff to enter a judgment that any deficiency be docketed against both Burdick and Hart, but, as the plaintiff declined to make such request, the court was not required to include it in the decree. Hart, by virtue of the provisions of his mortgage from Burdick, was entitled to a judgment against Burdick, not only for the amount of Burdick's note, but also for such an amount as he might pay in satisfaction of his mortgage to the plaintiff. He could not, however, claim any judgment therefor until after he had made such payment, and the decree provides that for whatever deficiency he shall pay upon the judgment in favor of the plaintiff, judgment therefor shall be docketed in his favor against Burdick.

The judgment is affirmed.