[Sac. No. 431.   Department Two.—November 29, 1898.]

R. W. RUSSELL, Respondent, v. J. E. FINDLEY et al., Appellants.

MORTGAGE—PERSONAL LIABILITY NOT MADE A LIEN—COUNSEL FEES.—A provision in a mortgage given to secure the payment of a promissory note, imposing a personal obligation on the mortgagor for the payment of counsel fees and other costs and disbursements of the mortgagee, without directly or indirectly making the same a charge on the mortgaged premises, or payable from the proceeds of the foreclosure sale, does not secure such items by the lien of the mortgage.

APPEAL from a judgment of the Superior Court of Calaveras County.   C. V. Gottschalk, Judge.

The facts are stated in the opinion.

A. H. Carpenter, for Appellants.

Allin L. Rhodes, and F. J. Solinsky, for Respondent.

CHIPMAN, C.—Foreclosure of mortgage on real estate. The mortgage contained the following provision: "In any action which may be brought to foreclose this mortgage, the said party of the second part shall recover in said gold coin not only all moneys which may be due on said note, but also any and all sums paid for taxes and assessments, or encumbrances, or insurance, with interest thereon as aforesaid, and also counsel fees, at the rate of ten per cent upon the amount due, and all costs and charges attending the foreclosure, including such sums as may have been paid for searching the title of said premises since the date of the record of this mortgage, and that said counsel fees shall be paid whether judgment be entered in said action or not."

The court found that there is owing as counsel fees the sum of one hundred dollars, two dollars and fifty cents paid out for search of title since the mortgage was recorded, and also the

sum of thirteen dollars costs of suit, making the aggregate sum, with the principal and interest of the note, of four thousand nine hundred and eighty-six dollars and thirty-seven cents, "which is a lien upon and against said premises." Directions to docket any deficiency there might be after sale was given. Defendants appeal from the judgment on the judgment-roll alone.

Appellants' contention is, that the items of counsel fees, costs of search, and costs of suit were not secured to be paid by the mortgage, and it was error to declare them to be a lien on the mortgaged premises. (Citing Civ. Code, sec. 2920; 15 Am. & Eng. Ency. of Law, 756; *Clemens v. Luce*, 101 Cal. 432; *Mason v. Luce*, 116 Cal. 233,)

Respondent claims that the court was authorized by the terms of the mortgage to include these items as secured. (Citing *O'Neal v. Hart*, 116 Cal. 69.) The mortgage reads: "That for the purpose of securing the payment of a promissory note, a copy whereof is as follows (copy of note), the said parties of the first part hereby grant and mortgage," et cetera. First parties agree to pay all taxes and assessments, et cetera, "which appear to be liens upon the property," et cetera, keep the building insured, and the mortgage gives second party the right to pay these amounts if first parties fail to do so; "and all sums so paid shall be secured hereby." Then follows the clause first above quoted. The only other clause bearing upon the question is a provision that if the mortgage be foreclosed, "such judgment and decree of foreclosure and order of sale shall provide for the sale of the mortgaged premises *en masse* and in one lot only," but makes no provision as to the application of the proceeds of sale. The mortgage specifically declares that certain sums shall be secured by it, but it does not purport to secure the liabilities in question, although it makes them the liabilities of the mortgagor. *Clemens v. Luce, supra,* held that where the mortgage does not provide that counsel fees shall be a lien no such lien exists. *O'Neal v. Hart, supra,* presented a different case from the one here, as there the mortgage provided that on foreclosure a decree may be entered to sell the premises, and out of the proceeds of sale counsel fees might be paid. This express provision was held to create an obligation which was of the same nature

as the obligation to discharge the other costs of foreclosure. No such obligation was entered into by the mortgagor in the present case. He agreed to pay the charges mentioned, but he did not agree that the land should stand security for payment. (See, also, *Irvine v. Perry*, 119 Cal. 352, citing *Lee v. McCarthy* (Cal., 1894), 35 Pac. Rep. 1034).

The decree should be so modified as that the items of charge above mentioned (one hundred and fifteen dollars and fifty cents in all) shall not be secured by a lien on the premises; and in all other respects it should be affirmed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the decree is so modified as that the items of charge above mentioned (one hundred and fifteen dollars and fifty cents in all) are not secured by a lien on the premises, and in all other respects it is affirmed.　　　　　Temple, J., Henshaw, J., McFarland, J.