[L. A. No. 847.   Department Two. — June 15, 1901.]

ORANGE GROWERS' BANK and ARCHIBALD DUNCAN, Respondents, v. THOMASSEN DUNCAN, Respondent, and J. A. WILBUR and MATTIE WILBUR, Appellants.

APPEAL — ORDER STRIKING OUT DEMURRER — JUDGMENT ROLL — INJURY NOT SHOWN — PRESUMPTION. — In the absence of a bill of exceptions, a notice, affidavit, and motion upon which an order striking out a demurrer was made constitute no part of the judgment roll, and cannot be considered upon appeal from the judgment; and where it does not appear that the demurrer was well taken, or should have been sustained if it had not been stricken out, and it appears that defendant was allowed to answer upon the merits, no injury is shown to have resulted from the order. It must be presumed in favor of the judgment that the order was correctly made.

FORECLOSURE OF MORTGAGES — PARTIES — NON-JOINDER OF CO-PLAINTIFF — JOINDER AS DEFENDANT — CROSS-COMPLAINT. — Under an amended complaint to foreclose two mortgages, the non-joinder, as co-plaintiff, of the wife of a plaintiff who was part owner with him of the second note and mortgage foreclosed, and her joinder as a defendant, could not mislead the mortgagors to their prejudice, where it appears that she sought by cross-complaint all the relief which she could have had as a co-plaintiff.

ID. — ASSIGNMENT OF FIRST MORTGAGE TO SECOND MORTGAGEE — SUBSTITUTION — HARMLESS RETENTION OF NAME OF ASSIGNOR. — Where a plaintiff corporation commenced the action to foreclose its mortgage, making a husband and wife, second mortgagees, defendants, and, pending the action, assigned its mortgage to the husband, whom the court ordered substituted as plaintiff, and the substituted plaintiff sought to foreclose both mortgages in an amended complaint, the retention of the name of the assignor corporation as a co-plaintiff with the husband in such amended complaint was unnecessary and improper, but could not harm the mortgagors, where the judgment of foreclosure expressly states that the corporation plaintiff take nothing, and that the amount recovered by the assignee plaintiff is due and owing to him.

ID. — SECOND MORTGAGE DUE AT TRIAL — DECREE OF FORECLOSURE. — Although the second mortgage was not due when the action was commenced, nor when the amended complaint was filed to foreclose it, yet, where it was due when the case was tried and the decree entered, the decree properly provided for the sale of the premises to satisfy the second mortgage.

ID. — ALLOWANCE OF ATTORNEY'S FEES — PLEADING — LIEN. — It is not necessary to allege in the complaint that the mortgage provided for attorney's fees, to support an allowance therefor under the terms

of the mortgage; but where the mortgage only provided for reasonable attorney's fees, to be taxed by the court, and did not provide that they should be a lien upon the land mortgaged, they cannot be made such lien.

APPEAL from a judgment of the Superior Court of Riverside County.   J. S. Noyes, Judge.

The facts are stated in the opinion.

E. B. Stanton, for Appellants.

G. A. Skinner, for Respondents.

COOPER, C.— Action to foreclose certain mortgages.   Findings were filed, and judgment entered against appellants.   The appeal is from the judgment, on the judgment roll.

1. It is claimed that the court erred in striking out the demurrer of appellants to the amended complaint.   It is not shown that the demurrer was well taken, or that it should have been sustained if it had not been stricken out.   The appellants were allowed to answer and present their defense fully upon the merits.   There is no bill of exceptions, and the notice, affidavit, and motion upon which the order striking out the demurrer was made are no part of the judgment roll. (Code Civ. Proc., sec. 670; *Dimick* v. *Campbell*, 31 Cal. 240; *Catanich* v. *Hayes*, 52 Cal. 338.)

It therefore does not appear that any injury was done to appellants by the order, and we must presume that it was based upon valid reasons, as all presumptions are in favor of the judgment.   The demurrer to the answer and cross-complaint of defendant Duncan was properly overruled.

Conceding that Thomassen A. Duncan, the wife of plaintiff Archibald Duncan, should have been made a plaintiff for the reason that she was a joint owner of the second note and mortgage, no injury appears to have been done to appellants.   She claimed the same relief in her cross-complaint as to the joint mortgage as was claimed by her husband in the amended complaint.   She therefore was claiming all that she could have claimed if a co-plaintiff with her husband.   That she claimed the relief as defendant instead of claiming it as plaintiff, could not have damaged or misled appellants.

2. The plaintiff corporation commenced the action to foreclose its mortgage upon the premises described in the findings

and decree. · It appears that, at the time of the commencement of the action, Archibald Duncan and Thomassen Duncan, his wife, held a second mortgage upon the same premises, which was subsequent to and subject to the mortgage of the corporation. The Duncans were therefore made defendants in the suit as originally commenced. Subsequent to the commencement of the suit, the corporation sold and assigned its mortgage to plaintiff Archibald Duncan, and after said assignment an order of court was made substituting said Archibald Duncan as plaintiff. · He then filed an amended complaint, setting up the facts, but retained the name of the corporation as joint plaintiff. It is claimed that it was prejudicial error to allow the corporation to remain plaintiff under the objection of appellant. It is provided in section 385 of the Code of Civil Procedure: "In case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding."

After the transfer by the corporation to ·Archibald Duncan, it was not necessary to retain the name of the corporation as co-plaintiff, and it was improper to do so. But the error was without injury, because the decree and judgment expressly state that the corporation plaintiff take nothing, and that the amount recovered is due and owing to plaintiff Archibald Duncan.

3. At the time the action was commenced by plaintiff corporation, the mortgage then held by Archibald Duncan and Thomassen Duncan for two thousand five hundred dollars was not due, and they were evidently made parties because they held a second and subsequent mortgage upon the same premises. This mortgage was not due when the amended complaint was filed, and it is claimed that it was error to include it in the decree of foreclosure. It was due at the time the case was tried and the decree entered. It was therefore correct to have the decree provide for the sale of the premises to satisfy this second mortgage. (Code Civ. Proc., sec. 728; *Hawkins* v. *Hill*, 15 Cal. 500;[1] *Bostwick* v. *McEvoy*, 62 Cal. 502.)

4. It is finally claimed that the court erred in allowing the attorney's fee of two hundred dollars, for the reason that there

[1] 76 Am. Dec. 499.

is no allegation in the pleading as to attorney's fees, and that the attorney's fees, if allowed, should have been made a lien upon the lands by the terms of the decree. It was not necessary to allege that the mortgage provided for attorney's fees. (*White* v. *Allatt*, 87 Cal. 248.)

The mortgage provided for reasonable attorney's fees, to be taxed by the court and included in the bill of costs, but did not provide that such attorney's fees should be a lien upon the lands mortgaged. In such case it would have been error for the court to have decreed the attorney's fees to be a lien upon the mortgaged premises. (*Russell* v. *Findley*, 122 Cal. 478.[1])

There are no other points argued worthy of discussion.
The judgment should be affirmed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        McFarland, J., Temple, J., Henshaw, J.

·Hearing in Bank denied.