[S. F. No. 1861.   Department Two.—December 14, 1901.]

## MORRIS WINDT, Respondent, v. JAMES GILLERAN and ANNIE GILLERAN, Appellants.   MAX HEYMANN, Respondent.

FORECLOSURE OF MORTGAGE—SECOND MORTGAGE—CROSS-COMPLAINT— MATURITY AT JUDGMENT—APPLICATION OF PROCEEDS.—In an action to foreclose a mortgage, where a second mortgagee, made a party, set up his mortgage, by way of cross-complaint, which was not then mature, but became due before judgment was entered, the decree of foreclosure and sale may direct the proceeds of sale to be applied, first, to pay the amount found due to the plaintiff, with costs, and the residue to pay the amount found due upon the second mortgage.

ID.—ALLOWANCE OF COSTS AND COUNSEL FEES TO SECOND MORTGAGEE.— The court properly allowed costs and counsel fees to the second mortgagee in such case.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Edward A. Belcher, Judge.

The facts are stated in the opinion.

---

[1] 55 Am. Rep. 727.

John H. Durst, for Appellants.

Lucius L. Solomons, for Max Heymann, Respondent.

Wallace A. Wise, for Morris Windt, Respondent.

COOPER, C.—This action was brought to foreclose a mortgage made by appellants to plaintiff. The respondent Heymann held a second mortgage upon the premises, and set up such second mortgage in his cross-complaint. The trial resulted in a decree of foreclosure and order of sale, directing the application of the proceeds,—1. To the payment of the amount found to be due plaintiff, with costs; and 2. To the payment of the amount found to be due respondent Heymann upon the note and mortgage set forth in his cross-complaint.

Judgment was accordingly entered. This appeal is from the judgment upon the judgment-roll alone.

It is argued by appellants that the demurrer to the cross-complaint should have been sustained, and that the court erred in directing a sale of the premises, for the purpose of paying the amount found due Heymann upon the note and mortgage described in the cross-complaint. This argument is based upon the fact that the note set up in the cross-complaint was not due at the time the cross-complaint was filed. It became due on the sixteenth day of November, 1898, after the cross-complaint was filed and before judgment was entered. The judgment and decree were made and entered, December 13, 1898. In such case the court followed the correct rule, as has been frequently decided by this court. (*Orange Growers' Bank et al.* v. *Duncan,* 133 Cal. 254, and cases cited.) It therefore follows that the court correctly allowed costs and counsel fees to defendant Heymann. The appeal is from the whole of the judgment, and no suggestion is even made that the judgment was not correct as to plaintiff.

We advise that the judgment be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          McFarland, J., Temple, J., Henshaw, J.