[L. A. No. 4612. Department One.—October 7, 1918.]

## J. B. CHINN, Respondent, v. HARRY PENN et al., Defendants; G. L. CRENSHAW, Appellant.

GUARANTY—PAYMENT OF NOTE SECURED BY MORTGAGE—EXTENT OF LIABILITY.—An indorsement on the back of a promissory note secured by mortgage guaranteeing payment of the note executed by the mortgagee at the time of the making of an assignment and sale of the note and mortgage, runs to the note only and cannot be held to be a guaranty of payment of attorneys' fees and other charges provided for in the mortgage but not in the note.

ID.—SCOPE OF GUARANTY.—While it is true that for many purposes a note and mortgage executed as parts of one transaction are to be

treated as constituting one contract and are to be considered and construed together, it does not follow that one who in terms guarantees payment of the note must also be held to have guaranteed the payment of other and different obligations contained only in the mortgage.

MORTGAGE—DEFAULT IN PAYMENT OF INTEREST—NOTICE OF EXERCISE OF OPTION—COMMENCEMENT OF ACTION.—Where a note secured by mortgage provides that the whole sum of principal and interest shall become due at the option of the holder upon failure to pay any installment of interest, it is not necessary that any notice be given to the mortgagor of the exercise of the option where such a failure occurs, and the commencement of the action of foreclosure is sufficient notice.

ID.—MATURITY OF NOTE AFTER COMMENCEMENT OF ACTION—JUDGMENT. Where, in an action for the foreclosure of a mortgage, at the time the judgment was rendered the note had become due according to its terms, the court is authorized to render a judgment foreclosing the mortgage for the entire amount and directing a sale of the property to satisfy the same, even if the payment of the note had not been accelerated by the nonpayment of interest.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Leslie R. Hewitt, Judge.   Reversed.

The facts are stated in the opinion of the court.

Hickcox & Crenshaw, for Appellant.

James, Smith & McCarthy, and Herbert Freston, for Respondent.

SHAW, J.—The defendant, Crenshaw, appeals from the judgment foreclosing a mortgage executed by the defendant, Harry Penn, to Crenshaw, and by Crenshaw indorsed to the plaintiff.

The note secured by the mortgage contained no obligation except the promise to pay the principal thereof, three thousand five hundred dollars, with interest at seven per cent, payable quarterly, to be compounded if not paid when due, and providing that the whole sum of principal and interest should become due at the option of the holder upon failure to pay any installment of the interest when due.   The mortgage declared that it was màde to secure, not only the principal and interest of the note, but also all advancements made by the holder thereof for taxes and assessments which were liens on the property mortgaged, attorneys' fees for fore-

closing the same, and fees for searching the title preparatory to such foreclosure. Crenshaw sold and assigned the note and mortgage to the plaintiff. The guaranty of the note by Crenshaw was evidenced by an indorsement on the back of the note in these words:

"Pay J. B. Chinn or order, payment guaranteed, protest waived.

"(Signed) G. L. CRENSHAW."

The court below gave judgment of foreclosure for the amount of the note and interest then due, together with two hundred dollars as attorneys' fees and the amounts advanced by the holder of the note for the payment of taxes and assessments on the property and $15 as a fee for searching the title, amounting in the aggregate to $4,391.03. This sum was made a personal charge against Crenshaw, and the judgment provided that if the property did not sell for enough to pay the same, a judgment for the deficiency should thereupon be entered against Crenshaw. In support of his appeal Crenshaw insists that the guaranty upon which alone he was held runs to the note only, and cannot be held to be a guaranty of payment of the attorneys' fees and other charges provided for in the mortgage but not in the note.

We think the appellant's contention must be sustained. It is true that for many purposes a note and mortgage executed as parts of one transaction are to be treated as constituting one contract and are to be considered and construed together. (*Meyer* v. *Weber*, 133 Cal. 683, [65 Pac. 1110]; *Trinity Co. Bank* v. *Haas*, 151 Cal. 555, [91 Pac. 385].) But it does not follow from this that one who in terms guarantees payment of the note must also be held to have guaranteed the payment of other and different obligations contained only in the mortgage. The transfer in this case was manifested by an assignment duly executed by Crenshaw. This assignment referred both to the mortgage and the note and purports to transfer the same to the plaintiff, but it contained no guaranty of the payment of the obligations of either instrument. The guaranty was manifested solely by the indorsement on the note, and there is nothing in the language thereof which can be construed as extending it to other obligations not specified in the note. It was not executed at the same time as the note and mortgage nor as part of the same transaction, but was made afterward as a part of the sale and transfer of the

note from the holder to the plaintiff. The words, "Note secured by a mortgage," immediately above the body of the note, do not make the additional obligations contained in the mortgage a part of the note. Crenshaw had the right to sell the note and mortgage on such terms as he chose to make and to limit his guaranty to a part only of the obligations of the entire contract. His indorsement of the note guaranteeing that instrument cannot be extended by implication so as to cover other obligations contained only in the mortgage. Having thus limited his guaranty by his written contract declaring the same, he is bound only by its terms. The court erred in rendering judgment against Crenshaw for the tax liens and fees provided for only in the mortgage. To this extent the judgment is erroneous.

There is no merit in the appellant's contention that the action was prematurely begun. Installments of interest fell due May 1 and August 1, 1914, and were not paid. Thereupon the holder declared the entire sum due, and on August 9th filed his complaint in foreclosure. The commencement of the action was an exercise of the option to declare the whole sum due, and no previous notice to the defendants was necessary. (*Hewitt* v. *Dean,* 91 Cal. 5, [27 Pac. 423]; *Trinity Co. Bank* v. *Haas, supra.*)

The contention that the court failed to find on the disputed allegation that the installment of interest falling due on August 1, 1914, had not been paid is not sustained by the record. The findings declare that no part of the interest had been paid except the installment falling due on February 1, 1914.

The mortgage provided for foreclosure upon nonpayment of interest. At the time the judgment was rendered the note had come due according to its terms, without any acceleration of payment by reason of the nonpayment of the interest and the exercise of the option of the holder to declare it to become due. Under these circumstances the court was authorized to render a judgment foreclosing the mortgage for the entire amount and directing the sale of the property to satisfy the same, even if the payment had not been accelerated as claimed. (*Orange Growers' Bank* v. *Duncan,* 133 Cal. 256, [65 Pac. 469]; *Bostwick* v. *McEvoy,* 62 Cal. 502; Code Civ. Proc., sec. 728.) For this reason the point which the appellant suggests, that the holder of the note, by his indul-

gence after the nonpayment of the May installment of the interest, had deprived himself of the right to declare the entire principal due, has become immaterial. We may say, however, that we know of no case which would support the point, on the facts found, even if it were important.

A new trial does not appear to be necessary. The findings cover all the issues, and it is clear that there is no defense to the action except the one above noted in behalf of Crenshaw. The judgment should have declared for a deficiency judgment against Crenshaw only for the amount of the note and interest and costs, without including the other obligations for fees and taxes and liens paid on the property. We are unable to ascertain the manner in which the court made its calculations as to the amounts, and therefore we cannot modify the judgment directly by ordering a deduction from the amount thereof. The error can be rectified by remanding the case to the court below directing a new judgment to be entered there.

It is ordered that the judgment be reversed and that the cause be remanded to the court below, and that thereupon that court enter a new judgment of foreclosure in accordance with this opinion.

Sloss, J., and Richards, J., *pro tem.*, concurred.