EXCHANGE NATIONAL BANK OF TAMPA, A CORPORATION, AS ADMINISTRATOR OF THE ESTATE OF ADRIAN C. HONORE, DECEASED, ET AL., *Appellants,* v. CLARK-RAY-JOHNSON COMPANY, A FLORIDA CORPORATION, *Appellee.*

Division B.

Opinion Filed April 16, 1928.

*Knight, Thompson & Turner* and *James F. Glen,* for Appellants;

*Hampton & Greene,* for Appellee.

WHITFIELD, P. J.—The bill of complaint brought in Marion County alleges that the Clark-Ray-Johnson Company, a corporation, sold and conveyed to A. C. Honore and W. L. McNevin, described lands for the sum of $165,-600.00 of which $7,500.00 was paid, leaving the balance to be paid in annual installments during five years. A purchase money mortgage was executed to secure the balance due with acceleration clauses in case of defaults. It is alleged that Honore and McNevin sold and conveyed the lands to Virginia Perkins ''subject to the 1925 taxes and the above mentioned mortgage, which said mortgage the said Virginia Perkins then and there did assume and agree to pay;'' that thereafter the said Virginia Perkins executed and delivered to Honore and McNevin a mortgage upon the lands to secure $54,110.00; that Virginia Perkins conveyed the lands to W. J. Zbinden who did assume and agree to pay the mortgage from Honore and McNevin to com-

plainant as well as the taxes on the said land; that other stated conveyances and contracts with reference to the lands were made. Honore died and the bank was made administrator of Honore's estate. Defaults in stipulated payments were made. Appropriate relief is prayed.

Exceptions were sustained to an answer filed by the defendant bank as administrator. See Exchange National Bank Admr. v. Clark-Ray-Johnson Co., this day filed.

A decree *pro confesso* was entered against the bank as administrator and other defendants. On final hearing it was decreed that the defendants including the bank administrator do pay $167,675.00 principal and interest and $15,840.00 solicitors' fees. The lands were sold for $86,000.00 leaving a balance of $99,969.06 due complainant. On notice and hearing a deficiency decree was rendered for $99,969.06, against the Exchange National Bank of Tampa, as administrator of the estate of Adrian C. Honore (also known as A. C. Honore) and against W. L. McNevin and W. J. Zbinden.

The bank as administrator appealed and assigns as errors the decree requiring it as administrator to pay the debt and the rendering of a deficiency decree against the bank as administrator.

It appears that after the bill herein was filed against the bank as administrator of the estate of A. C. Honore and against others as defendants, the Circuit Court for Hillsborough County appointed a receiver of the estate of A. C. Honore, deceased. That did not affect the right of the complainant to enforce its mortgage against the estate of A. C. Honore, the administrator of such estate being a party defendant in the foreclosure suit already begun. And the lien on the lands of the estate could be enforced and the liability of the estate on the mortgage debt could be established with the administrator of the estate as a party de-

fendant, even though the receiver of another court in a different circuit might have possession of the assets of the estate.

The rendering of deficiency decrees is within the discretion of the chancellor and no abuse of discretion is shown. Even if the conveyance of the property by the first mortgagor and the assumption of and agreement to pay the mortgage by the grantee, makes the grantee the principal debtor and the mortgagor a security for the debt due the mortgagee, the mere fact that no deficiency decree was obtained against Virginia Perkins the grantee, does not release the mortgagor A. C. Honore or his estate from the deficiency decree rendered against the administrator of the mortgagor's estate. The mortgagee complainant here has not done anything in favor of the grantee Virginia Perkins that prejudices the rights of the mortgagor. The mortgagee has its remedy at law against Virginia Perkins the grantee of the property who assumed the mortgage debt and agreed to pay it.

Affirmed.

TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.