[L. A. No. 14877.   In Bank.—December 17, 1934.]

ETTA M. McCONNELL, an Incompetent Person, etc., Respondent, v. F. W. HERBERT et al., Defendants; F. R. CYRIACKS, Appellant.

W. I. Gilbert for Appellant.

Moote & Longcroft, Hinsdale, Otis & Johnson and Robert W. Jennings for Respondent.

SHENK, J.—The plaintiff recovered a judgment against the defendants on a promissory note for $9,000 executed and delivered by the defendants to the plaintiff. From that judgment the defendant Cyriacks alone appealed.

The defendants resisted the action on the plea that the note had been discharged by the application of the proceeds

of a sale under a deed of trust given to secure a note for $36,000, and as to which the note sued on was claimed by the plaintiff to have been delivered as additional security.

In July, 1922, the Auburn Creek Farms Company, of which the defendants, at the time of the execution of the $9,000 note, were the sole stockholders and directors, negotiated a loan from the plaintiff Etta M. McConnell. To secure repayment of the loan the company executed its promissory note for $36,000 due in three years, and a deed of trust on land in Placer County. At the maturity of the note the company defaulted and in 1926 Mrs. McConnell proceeded to notice a sale of the property pursuant to the provisions of the deed of trust. In response to the company's request for postponement of the exercise of the power of sale under the deed of trust, Mrs. McConnell by letter dated May 27, 1926, made to it the following proposition: "If you will pay on or before July 1st, 1926, the interest up to July 10th, 1926, and $1,000 on the principal, I will not proceed with the foreclosure of the Deed of Trust unless you make default in one of the following payments, that is to say: that you pay the semiannual instalment of interest due January 10, 1927, and that on or before July 1st, 1927, you pay $9,000 on the principal and the interest up to July 10th, 1927. In the meantime the $9,000 payment of July 1st, 1927, is to be covered by an individual joint and several promissory note of Mr. Herbert, Mr. Elliott, and Mr. Cyriacks, three of your stockholders, due on or before July 1st, 1927, with interest at 7 per cent, payable at maturity, and any payments made on the note to be credited on your indebtedness to me. Any payments made on the principal or interest on your indebtedness to me in the meantime, to be credited on the note of these three stockholders, except the July 1st, 1926, payment, and except that the interest of January 1st, 1927, if paid by you will pay interest on the $9,000 up to January 10th, 1927. If the $9,000 is paid on the principal and the interest paid on your notes on or before July 1st, 1927, then I will not enforce the foreclosure of said Deed of Trust before July 1st, 1928, unless you fail to pay the interest due in January, 1928.

"In other words,—I am offering to allow the note to stand without foreclosure if you pay $1,000 on the prin-

cipal by July 1st, 1926, $9,000 on the principal on or before July 1st, 1927, and keep up the interest until July 1st, 1928, at which latter date I will expect the balance of the principal and interest.''

The company made the cash payment of $1,000 and the defendants executed their note for $9,000 in compliance with the terms of the offer. On July 28, 1928, the $9,000 note remained unpaid except a portion of the interest thereon as hereinafter noted. On that date the present action to recover the principal and interest due was filed. On August 3, 1928, the sum of $3,006.12 was paid on account of the note sued on. In June, 1929, the company being in default in the payment of its indebtedness to the plaintiff, the latter proceeded to carry out the provisions of the deed of trust for a sale of the property. At the sale held in November, 1929, the plaintiff was the purchaser of the property for the sum of $28,000.

The defendants filed amended answers to the complaint in the present action setting up the foregoing facts and pleading the discharge of the collateral note by the application thereto of the proceeds of the trustee's sale under the deed of trust. The court rendered judgment for the plaintiff for the principal sum of the note less said sum of $3,006.12 paid on August 3, 1928, and interest thereon less interest paid to January 10, 1927.

The appellant contends that the court erred in construing the terms of the letter of May 27, 1926; that the appropriate interpretation under the facts requires the application of the proceeds of the sale under the deed of trust to the discharge of the defendants' obligation on the $9,000 note.

The construction which led the trial court to find that the $9,000 note was given as additional security in consideration of the forbearance by the plaintiff to proceed under the deed of trust must be upheld. The construction contended for by the appellant, viz., that payment on the original indebtedness, no matter from what source or when made, was contemplated by the terms of the letter to be considered as payment as well on the $9,000 note, would create the particular hazard and risk which it is obvious the taking of additional security was designed to prevent, and would render the transaction pursuant to the letter of May 27,

1926, meaningless. Furthermore, the interpretation sought by the appellant is expressly negatived by the statement in the letter that payments made on the $36,000 obligation ''in the meantime'', that is, prior to July 1, 1927, during which time sale proceedings were postponed, would be credited on the $9,000 note. It may not be gainsaid that the $9,000 note was therefore intended, as found by the trial court, to be given as additional security. There is no different or unusual element in the nature of the obligation added or involved by reason of the details contained in the letter of May 27, 1926. Under the terms thereof the obligation of the makers of the $9,000 collateral note, after default in the payment of the secured indebtedness, is the same as that of a guarantor in any such transaction, i. e., of payment to the extent that the original security fails to discharge the obligation secured, not in excess of the principal sum guaranteed with the interest due thereon. The important factor in the present case is that the obligation under the guaranty note was capable of being reduced by voluntary payments made on account of the principal indebtedness within the period specified. In fact, the appellant himself states that the letter ''pursuant to which said $9,000 note was executed, is capable of but one interpretation, namely, that appellant thereby became a surety in the matter of the performance by said Auburn Creek Farms Company of its agreement to pay $9,000.00 on or before January 1, 1927, pursuant to said extension agreement''. The appellant contends for a construction which would amount to a complete discharge of the $9,000 obligation if the defendants simply defaulted in the payment of the collateral note, and upon default of payment of the principal indebtedness permitted a sale to be made under the deed of trust. But the legal liabilities flowing from the contract are as stated herein, and not as contended by the appellant.

It is claimed by the appellant that he should not be charged with the trustee's fees, sale expenses and taxes advanced by the plaintiff and secured by the deed of trust, because, so it is said, his contract was to guarantee payment of the principal and interest of the $36,000 note only, to the extent of the amount of the undertaking, and that the contract of guaranty had no reference to the additional

sums which might become due under the terms of the deed of trust. The appellant cites the case of *Chinn* v. *Penn*, 179 Cal. 153 [175 Pac. 687], wherein the result stated was reached pursuant to such a contract of guaranty. But the trial court in the present case was justified in taking the view that the appellant's contract was made in relation to the note and the deed of trust, rather than to the note alone as in the case relied upon. This must necessarily be so, inasmuch as the consideration for the contract of guaranty was the forbearance to proceed under the deed of trust.

The appellant also contends that he should have been credited with interest to January 10, 1929, instead of to January 10, 1927. The evidence shows that the $36,000 note was credited with voluntary payments of interest to January 10, 1929. The appellant under the express terms of the contract was entitled to credit only for interest on said $36,000 note paid to January 10, 1927, as found by the trial court.

The judgment is affirmed.

Seawell, J., Langdon, J., Preston, J., Curtis, J., and Waste, C. J., concurred.