H. P. FARRAR, et ux., v. GAVINO GUTIERREZ, *et al.,* as executors of the Last Will and Testament of Nellie Gutierrez, deceased (Plaintiffs below) and B. W. FARRAR and A. B. BURNHAM (defendants below).

161 So. 394.
Division B.
Opinion Filed May 11, 1935.

*Zewadski & Pierce,* for Appellants;
*McKay, Withers* and *Ramsey,* for Appellees.

PER CURIAM.—We here review a decree awarding a deficiency judgment in a mortgage case.

The two questions presented by appellants in the brief are stated as follows:

"First Question. Where the bill of complaint in a mortgage foreclosure contained no special prayer for a deficiency judgment, nor a prayer for general relief, and there was no special application made after Master's sale for a deficiency judgment, did the court have authority under such circumstances to enter a deficiency decree against the defendants?

"Second Question. Under the facts disclosed by the

record in this case, did the Chancellor abuse his discretion in entering a deficiency decree against the defendants?"

The first question must be eliminated because in the decree appealed from the Chancellor says:

"This cause having been set for this day to be heard upon the Master's Report of sale and the complainant's motion for confirmation and for deficiency decree, and the parties being present by their respective solicitors, and evidence having been introduced," etc.

There being no showing in the record to the contrary, the certificate of the Chancellor to the effect that hearing was on complainant's motion * * * for deficiency decree must be taken as a verity.

As it is not made clearly to appear that the Chancellor abused judicial discretion in entering the deficiency decree for the balance of the adjudicated debt, we must affirm the decree.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur.

WHITFIELD, C. J., concurs in the opinion and judgment.

DAVIS, J., concurs specially.

DAVIS, J. (concurring).—Appellant's theory in this case appears to comprehend among other things, the idea that when a mortgage is foreclosed, and the security is bid in by the mortgagee complainant, that in such case the mortgagor is entitled to have the security, or the avails thereof, *valued* as a basis for determination of what is recoverable by way of deficiency judgment—the postulate for this theory being that when a creditor holding security reduces such security to his possession through forclosure and purchase thereof at foreclosure sale, that in such cases the creditor "owes" in effect the duty of giving credit on his debt, the

admitted or established value of the security, less the judicial sales price bid and paid for it, where it is made to appear that the actual value is much greater than the judicial sales price. The foregoing theory recently has been rejected by the United States Supreme Court in a bankruptcy case involving a mortgage deficiency. See Ivanhoe Building & Loan Assoc. v. Orr, 55 U. S. Sup Ct., 685, 79 L. Ed. ......, decided April 29, 1935.