[Civ. No. 10746. Second Appellate District, Division Two.—March 9, 1936.]

H. H. BECHTEL et al., Respondents, v. L. J. CLEMONS et al., Appellants.

Wallace M. Pence for Appellants.

C. H. White, D. Bianco and Webster & Lyon for Respondents.

GOULD, J., *pro tem.*—Defendants executed their promissory note dated August 12, 1932, secured by deed of trust. Upon default in the payments promised the trust deed was foreclosed, the real property given as security was sold and the proceeds applied upon the indebtedness. This action is against the makers of the note for the deficiency remaining after application of the proceeds of sale. Defendants filed an answer and cross-complaint, to which the court sustained a demurrer but granted leave to amend. This defendants declined to do, and judgment accordingly went for plaintiff for the amount of the deficiency.

The points raised by defendants in their answer and cross-complaint and presented to this court on appeal have all been decided adversely to appellants' contentions by recent decisions of our courts. That section 580a of the Code of Civil Procedure is not retroactive in its application is declared in *Bechtel* v. *Nelson,* 10 Cal. App. (2d) 66 [51 Pac. (2d) 99]; that section 2924½ of the Civil Code does not apply to notes executed before its effective date is determined by *Brown* v. *Ferdon,* 5 Cal. (2d) 226 [54 Pac. (2d) 712]; and it is the settled law of this state that mere inadequacy of the price realized upon a sale under a trust deed, in the absence of irregularity or fraud, is not sufficient ground for voiding a sale legally made (*Bock* v. *Losekamp,* 179 Cal. 674 [179 Pac. 516]).

Judgment affirmed.

Wood, J., and Crail, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 3, 1936, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 7, 1936.