126 So.2d 308 (1961)
William D. TENDLER and Max Rosenblum, Appellants,
v.
Leon GOTTLIEB, Appellee.
No. 60-91.
District Court of Appeal of Florida. Third District.
January 30, 1961.
Dubbin, Schiff, Berkman & Dubbin, Miami, Talianoff & Waller, Miami Beach, for appellants.
Aronovitz, Aronovitz & Haverfield, Miami, for appellee.
CARROLL, CHAS., Judge.
The appellee Leon Gottlieb made a loan of $50,000 to Ros-Ten, Inc., secured by a mortgage on a 99-year lease held by the corporation on certain improved real estate. The note evidencing the indebtedness was endorsed by William D. Tendler and Max Rosenblum. Upon default, the mortgage was foreclosed. The property was sold on foreclosure for $1,000 subject to a prior mortgage of $315,000. Later a deficiency decree in the amount of $73,749.34 was entered against the maker corporation, the endorser Tendler and the executors of the endorser Rosenblum who had died, the endorsers having been made parties to the foreclosure. The amounts making *309 up the deficiency appear from recitations in the deficiency decree which are quoted in the margin.[1] This appeal is on behalf of the endorsers.
The immunity from liability for a deficiency decree in mortgage foreclosure suits which had been established for endorsers by earlier decisions of the Supreme Court of Florida, was removed by the Supreme Court in the case of Degge v. First State Bank of Eustis, 145 Fla. 438, 199 So. 564. See 22 Fla.Jur., Mortgages, § 420. The question of the liability of the endorsers in the present case to be subjected to a deficiency decree was not raised by appellants, but they questioned the inclusion in the deficiency decree of the costs incurred in the foreclosure suit, and contended that in granting a deficiency decree the court abused its discretion because the foreclosure sale was made "for a sum far less than the value of the property."
Appellants argued that they did not become obligated to pay costs incident to the foreclosure because they were not parties to the mortgage. No authorities were cited by appellants in support of that contention. Appellee argued that when such endorsements are made in a transaction which involves mortgage security, the endorsements will be deemed to include an obligation to pay the necessary costs to protect and enforce the security lien, and appellee cited certain authorities as support for that proposition.[2] That contention of appellee is sound, and, moreover, the note in this case contained language which referred to the mortgage, and covered not only cost of collection of the note but "all costs" of collection by suit or otherwise "in case it becomes necessary to protect the [mortgage] security thereof."
Appellants argued that although inadequacy of sale price may not be ground to invalidate the foreclosure sale,[3] a decree for the deficiency established by the low sale price represents an abuse of discretion.
The jurisdiction conferred by statute to enter a deficiency decree in a mortgage foreclosure suit [§ 702.06, Fla. Stat., F.S.A.] is deemed to be permissive rather than mandatory. It rests in the sound judicial discretion of the court, and a party complaining of such a decision on appeal must carry the burden of making a clear showing of abuse of judicial discretion. Exchange Nat. Bank of Tampa v. Clark-Ray-Johnson Co., 95 Fla. 730, 116 So. 648; Farrar v. Gutierrez, 119 Fla. 306, 161 So. 394. The value of the mortgaged property was not revealed. The fact that the leasehold was sold on foreclosure for $1,000 subject to a $315,000 prior mortgage does not show price inadequacy. Nor was inadequacy made to appear by the fact that the lease was sold eight months later at a substantial profit, because many extraneous factors could have prompted that result. As between the parties, the sum for which the mortgaged property was sold on foreclosure, so long as that sale stands, established its value. Etter v. State Bank of *310 Florida, 76 Fla. 203, 79 So. 724. See 22 Fla.Jur., Mortgages, § 421, p. 526.
Giving due effect to the presumption of validity with which the challenged decree comes to this court, we conclude that no abuse of discretion has been shown, and the decree appealed from should be and hereby is,
Affirmed.
HORTON, C.J., and PEARSON, J., concur.
NOTES
[1] "* * * it appearing to the court from the final decree herein and from the plaintiff's motion in support of a deficiency decree that the total amount due the plaintiff is $50,000.00 as principal, $6,620.00 as interest, $2,850.00 as attorneys' fees, $2,000.00 as receiver's fees, $80.35 as costs of this suit and $13,198.99 as payments on the prior mortgage and insurance on the property made by the plaintiff, being the total amount of $74,749.34, and that after the application thereof of the $1,000.00 received by the clerk of this court from the sale of the said mortgaged property, there is still due and owing to the plaintiff the sum of $73,749.34, which sum is hereby found to be due the plaintiff from the defendants. * * *"
[2] Bechtel v. Wilson, 18 Cal. App.2d 331, 63 P.2d 1170, 64 P.2d 785; Walton v. Washington County Hospital Ass'n, 178 Md. 446, 13 A.2d 627, 128 A.L.R. 970.
[3] See Ruff v. Guaranty Title & Trust Co., 99 Fla. 197, 126 So. 383; Bridier v. Burns, 145 Fla. 642, 200 So. 355; Maule Industries, Inc. v. Seminole Rock & Sand Co., Fla. 1956, 91 So.2d 307, 311.