BARKDULL, Judge.
The appellants, as plaintiffs below, obtained a partial summary final decree of foreclosure upon an obligation of Liberty School of Aviation, Inc., E. L. Roberson, Jr., and Sara Frances Roberson against a certain leasehold estate, in which decree the court retained jurisdiction as follows:
“13. If the property shall not sell for a sum sufficient to satisfy the sums decreed to be due to the plaintiffs herein, then in that event the Court reserves jurisdiction hereof to determine the right of the plaintiffs to the additional relief prayed for in their Complaint.”
Thereafter, the record on appeal indicates a sale pursuant to the decree, but is silent as to the entry of any deficiency decree. No special prayer for a deficiency decree was contained in the complaint, but there was a general prayer for relief which would be sufficient to permit the chancellor, in his discretion, to render a deficiency decree if an appropriate motion therefor was made. 22 Fla.Jur., Mortgages, § 415.
The appellants-plaintififs filed a motion for order decreeing a sale of certain stock pledged as collateral for the original obligation, and a motion to extend the time for taking of testimony. These motions were denied, and it is from these rulings that the appellants have prosecuted this appeal.
The record on appeal, without demonstrating any attempt to secure a deficiency decree as a condition precedent to further proceedings, does not show any abuse of discretion by the chancellor in the entry of the two complained of orders, and they are hereby affirmed without prejudice to the appellants to seek an appropriate deficiency decree and enforcement thereof against any assets of the appellees, Liberty School of Aviation, Inc., E. L. Roberson, Jr., and! Sara Frances Roberson, as defendants below.
Affirmed.