152 So.2d 524 (1963)
Walter COLMES, Appellant,
v.
HOCO, INC. OF DADE COUNTY, a Florida corporation, and O.B. Howell and Ivy Howell, his wife, Appellees.
No. 62-647.
District Court of Appeal of Florida. Third District.
April 30, 1963.
Silverman & Hoffman, Miami, for appellant.
Thomas A. Horkan, Jr., and Joseph M. Fitzgerald, Miami, for appellees.
Before CARROLL, BARKDULL and HENDRY, JJ.
BARKDULL, Judge.
This appeal seeks to review an order denying a motion for a deficiency decree.
From the record, it appears that the appellant was the plaintiff in the trial court and instituted a normal foreclosure proceeding, which proceeded to final decree adjudicating liability on the note and ordering a sale of the property encumbered by the mortgage lien. Said decree specifically reserved jurisdiction to enter a deficiency in the event the sale failed to produce funds sufficient to liquidate the indebtedness found to be due and owing to the plaintiff in and by the terms of the decree. A sale was conducted by the clerk, pursuant to the terms of the decree and § 702.02(2) Fla. Stat., F.S.A., which resulted in a bid by the plaintiff of $100.00, whereupon, subsequent to the sale, the normal procedural steps pursuant to § 702.02(3) Fla. Stat., F.S.A., were taken by the Clerk of the Circuit Court and a certificate of title was duly issued. Thereafter, approximately 8 months after the *525 entry of the final decree, the plaintiff moved for a deficiency decree and the matter came on for hearing before the chancellor, whereupon he entered an order denying the motion for deficiency decree and subsequently entered an order denying a petition for rehearing addressed to this order.
As to the jurisdiction of the chancellor to entertain the motion for deficiency, it is apparent that having reserved jurisdiction to consider such an issue in the final decree, he certainly had the jurisdiction if there was a timely application made for a deficiency. It appears from the authorities that a timely application for a deficiency would be either the period within the limitation statute for instituting a cause of action under the note and mortgage [see: 22 Fla.Jur., § 417], or the one-year period within which the cause could have been abated pursuant to § 45.19 Fla. Stat., F.S.A., whichever period occurred first.
It is apparent from the record that the limitation upon actions on either the note or mortgage had not expired. The time permitting the abatement of the cause had not accrued and, therefore, the matter could not have been dismissed for want of prosecution, and the plaintiff should have been permitted to be heard on his motion for a deficiency decree.
The plaintiff established the obligation due and owing to him, which was reflected in the final decree. A sale of the premises encumbered by the mortgage did not produce sufficient funds to liquidate the obligation and the chancellor denied the motion for deficiency. In order for a chancellor's discretion to be upheld in refusing to award a deficiency decree, the equitable considerations or other sufficient reasons justifying such refusal should be made clearly to appear either in the record before him or in his order declining same. See: Carlson v. Becker, Fla. 1950, 45 So.2d 116; Kissling v. McCarthy, Fla.App. 1958, 100 So.2d 434; Kurkjian v. Fish Carburetor Corporation, Fla.App. 1962, 145 So.2d 523.
Therefore, no justification or reason for the chancellor's denying the deficiency decree appearing in this record on appeal, said order of denial is reversed, with directions to reconsider the matter of the deficiency upon appropriate proceedings, in light of this opinion and the authorities cited herein.
Reversed with directions.