157 So.2d 551 (1963)
BUILDERS FINANCE CO., INC., OF ST. PETERSBURG, A FLORIDA CORPORATION, MASSCO, INC., OF SARASOTA, A FLORIDA CORPORATION AND STANLEY FREIFELD, APPELLANTS,
v.
RIDGEWOOD HOMESITES, INC., A FLORIDA CORPORATION, AND SARASOTA BANK AND TRUST COMPANY, A BANKING CORPORATION UNDER THE LAWS OF FLORIDA, APPELLEES.
No. 3751.
District Court of Appeal of Florida, Second District.
October 18, 1963.
Rehearing Denied November 19, 1963.
Goldner, Carney & Marger, St. Petersburg, for appellants.
Williams, Parker, Harrison & Dietz, Sarasota, and Wolfe, Bonner & Hogan, Clearwater, for appellees.
*552 MURPHREE, JOHN A.H., Associate Judge.
This is an appeal from a deficiency decree growing out of the foreclosure of a purchase money real estate mortgage, and from a judgment for costs and expenses of the suit entered against a co-maker of the mortgage based upon his indemnity agreement with the mortgagee.
The mortgage provided that the mortgagee, Builders Finance Company, Inc., could reconvey the property to the mortgagee, Ridgewood Homesites, Inc., in event of default and thereby escape all monetary liability under the note and mortgage. It further provided that Stanley Freifeld, a co-maker of the mortgage, would indemnify Ridgewood against all costs and expenses of foreclosure if he failed to cause a reconveyance by Builders Finance upon default in payment.
The decree of foreclosure established the following amounts to be due:

 Principal $30,850.00
 Interest 2,618.45
 Costs and expenses 2,410.00
 __________
 Total $35,878.45

At the foreclosure sale Ridgewood bid $30,850.00 (amount of principal due) and was the successful purchaser. No objection to the sale being raised, a certificate of title by the Clerk was issued in due course.
Upon the application for deficiency decree the Court entered a joint and several judgment against Builders Finance and Freifeld for $2,410.00 (amount of costs and expenses of suit) and a judgment against Builders Finance for $2,618.45 (amount of unpaid interest).
At the deficiency hearing Builders Finance and Freifeld offered to submit proof that the 27 lots involved were worth approximately $2,000.00 to $2,200.00 each and Ridgewood stipulated that the court could consider such proffered testimony. No proof was offered, however, as to the market value of the lots when sold in bulk.
The lots were orginally sold in January, 1961 by the mortgagee for an average price of $1,600.00 each. In September, 1962, the lots brought at foreclosure an average price of $1,143.00 each, which was slightly more than 70% of the original purchase price. The record indicates that the chancellor took judicial notice of a "stalemate" in the real estate market at the time of the foreclosure sale and of the proposition that a sum based upon the value of each individual lot would not fairly represent the actual value of the property when sold in bulk. The chancellor also observed that under the terms of the mortgage Builders Finance and Freifeld could have avoided any deficiency by reconveying the property before foreclosure was made necessary because of their own default.
Courts have frequently taken judicial notice of general market conditions with respect to real estate at times significant to the proceedings under consideration. For example, see: R.E.L. McCaskill Co., et al. v. Dekle, 88 Fla. 285, 102 So. 252; Sikes, et al. v. Dade Lumber Co., 98 Fla. 451, 123 So. 918; Evans v. Tucker, 101 Fla. 688, 135 So. 305, 85 A.L.R. 170; Shirley v. Lake Butler Corp., 123 So.2d 267 (Fla.2d Dist.Ct.App. 1960).
It is common knowledge that most commodities, even real estate, will sell for a smaller aggregate sum when disposed of wholesale rather than by the retail method. We think the chancellor in this case was entitled to take judicial notice of this proposition.
The granting of a deficiency decree in a mortgage foreclosure suit is always a matter for the sound judicial discretion of the chancellor consonant with equity in the light of the facts of the given case and will not be disturbed unless there is a positive showing of a clear abuse of discretion. *553 See: Farrar v. Gutierrez, et al., 119 Fla. 306, 161 So. 394 (1935); Tendler v. Gottlieb, 126 So.2d 308 (Fla.3d Dist.Ct.App. 1961).
Ridgewood cites Penn Mutual Life Ins. Co. v. Moscovitz, 119 Fla. 708, 161 So. 80 (1935) to support its contention that the price bid at the foreclosure sale was conclusive as between the parties to the suit on the question of the market value at that time. While the price bid has some evidentiary value it can no longer be treated as conclusive in view of the case of Kurkjian v. Fish Carburetor Corporation, Fla., 145 So.2d 523 (Dist.Ct. of App., First Dist.).
We do not think that Builders Finance and Freifeld have made such a showing in this case as requires us to say that the chancellor abused his judicial discretion in granting a deficiency.
Builders Finance and Freifeld in their brief place great emphasis upon their accusation that the chancellor did not allow them a full opportunity to present other evidence in opposition to the entry of a deficiency decree. The chancellor's order denying the petition for rehearing expressly denied this charge and there is nothing in the record to contradict the chancellor on this score. His order must, therefore, be deemed conclusive as to this point. Wallace Brothers v. Yates, 117 So.2d 202 (Fla. 2d Dist.Ct.App. 1960), citing 2 Fla.Juris. 3314, page 567.
Appellants in the course of their appeal, for the first time, suggest a novel interpretation of the wording of the mortgage that would deny Builders the right of redemption which would have the result, so it is said, of nullifying Freifeld's agreement to indemnify Ridgewood against the costs and expenses of the suit. While we do not agree with such interpretation, the point not having been raised in the trial court it cannot be considered here. Furthermore, the time for appeal from the final decree elapsed before this point was assigned as error.
Finally, Freifeld asserts that inasmuch as the sale price exceeded the amount of costs and expenses of the foreclosure his indemnity agreement to the mortgagee was thereby satisfied. We disagree.
Affirmed.
KANNER, Acting C.J., and WHITE, J., concur.