PER CURIAM.
This interlocutory appeal seeks the reversal of a post decretal order in a mortgage foreclosure denying the appellants’ request for a deficiency decree.
In January, 1962, the appellees purchased the property from the appellant for $47,-500, of which approximately $3,200 was paid in cash, a subsisting first mortgage was assumed, and the balance of $14,810 was represented by a purchase money second mortgage. Approximately one year after the purchase the appellees moved out of the property, failed to make the mortgage payments and a foreclosure action on the purchase money second mortgage was instituted on January 7, 1963. This action resulted in a final decree of foreclosure adjudicating that the appellants' were entitled to $15,229 on their purchase money second mortgage and ordering a sale of the property. The property was sold pursuant to the decree and the provisions of § 702.02, Fla.Stat., F.S.A., and was bid in for $100 by the appellants. A hearing was had on the appellants’ request for a deficiency decree at which testimony and evidence of the parties was produced followed by the entry of the order appealed denying the deficiency decree.
The appellants contend- that the court abused its discretion when it refused to enter a deficiency decree upon the showing made by the record in this cause. We agree and reverse.
*42 The rule is and has been that in cases involving denials of deficiency decrees in foreclosure suits, a refusal to grant such a decree will be reversed unless the record discloses facts and circumstances creating equitable • considerations upon which the court could properly deny the deficiency decree in the exercise of its discretion. See Kissling v. McCarthy, Fla.App. 1958, 100 So.2d 434. We have reviewed the record •of the testimony and evidence of the parties •.to this cause and, although a great portion ■of this evidence on behalf of the appellants tends to establish a claim in the nature of waste, nevertheless there is an adequate showing .that a deficiency.. exists and no equitable considerations appear sufficient to warrant the chancellor’s actions in denying the requested deficiency. , The appellees argue that since this was a purchase money mortgage, the appellants were- the holders thereof; they purchased the property at foreclosure sale for $100, and such facts, together with the cash payment of $3,200. and additional. payments on the first and second mortgages of some $3,500, were a sufficient showing of equitable considerations’ to warrant the denial of the requested deficiency. We are unable to agree with the appellees’ contention.
In Tendler v. Gottlieb, Fla.App.1961, 126 So.2d 308, this court observed that a sale of mortgaged property for the sum of $1,000 subject to a prior mortgage of $315,000 did not show. an inadequacy of- sale price. Likewise in the case of Carlson v. Becker, Ela.1950, 45 So.2d 116, the Supreme Court of our state reversed an order granting a deficiency decree in the amount of $1,000, where the property was sold under a foreclosure decree for $630 and there remained •a deficiency after sale of some $5,200. The -court,, speaking through Justice .Roberts, said: "
' “We are of the opinion that the record' in this case fails to show sufficient facts and circumstances to justify the Chancellor in awarding to plaintiffs a lesser amount than that found to be due and owing to them.”
In Kurkjian v. Fish Carbureter Corporation, Fla.App.1962, 145 So.2d 523, the District Court of Appeal, First District, reversed an order denying a motion for a deficiency -decree in a mortgage foreclosure action in which the mortgage indebtedness was $14,000. .The mortgage foreclosure decree totalled ■ approximately $15,100 and the property was sold under the decree for $10,000. After the sale some $5,200 remained as a deficiency for which the plaintiff moved for judgment-and was denied.
In the. case at bar the deficiency shown by the clerk’s report of the sale and disbursements amounts to $15,259.53. No equitable considerations appear in this record sufficient to warrant the denial of the deficiency. Accordingly, the order appealed is reversed, and the cause is remanded with directions that a deficiency decree be .entered not inconsistent with the views herein expressed.
Reversed and remanded with directions.