166 So.2d 842 (1964)
William WEINSTEIN and Edward L. Rosenthal, Appellants,
v.
PARK MANOR CONSTRUCTION COMPANY, Inc., et al., Appellees.
No. 4162.
District Court of Appeal of Florida. Second District.
August 26, 1964.
*843 Richard Neil Greatwood of Anderson, Rush, Dean, Lowndes & van den Berg, Orlando, for appellants.
No appearance for appellees.
WHITE, Judge.
Plaintiffs appeal an order denying their motion for a deficiency decree[1] after foreclosure sale of certain real property. In the foreclosure decree the chancellor found that $16,583.24 was due and owing to the plaintiff mortgagees. At a regularly advertised and conducted sale on December 7, 1962, the plaintiffs submitted the highest bid and purchased the property for $14,000.00. No objections were filed and a certificate of title issued. The plaintiff purchasers on December 14, 1962 executed a warranty *844 deed conveying the subject property to Fritz Goetz and wife in an apparently bona fide sale transaction for $14,000.00.
Pursuant to personal service of process on the defendants, the plaintiffs moved for a deficiency decree in the amount of $2,624.89 and offered inter alia the testimony of an expert witness who testified that the value of the property approximately three months after the foreclosure sale was $14,000.00. Fritz Goetz testified that he paid that same amount for the property when he and his wife purchased it from the plaintiffs, which was one week after the latter purchased it at foreclosure sale.
The defendant offered no witnesses but did adduce an affidavit in which the affiant stated that on or before the date of the sale the property was worth $26,500.00. This affidavit was received and considered over the plaintiffs' objections that (a) the affiant's qualifications to testify as to the value of the property was not shown; (b) it was not shown that the affiant made a physical inspection of the property; (c) it was not shown what factors were considered in arriving at the value estimated by the affiant; and (d) the plaintiffs were not present at the taking of the affidavit and that the affiant was not present at the hearing before the chancellor, so neither the plaintiffs nor the chancellor had the opportunity to examine the affiant as to how he arrived at his figure.
At the conclusion of the hearing the chancellor ruled that the evidence as to value was not sufficient to establish the fair market value of the property on the date of the foreclosure sale. The motion for a deficiency decree was denied and the plaintiffs appealed.
Prior to the enactment of Chapter 702, Fla. Stat., F.S.A., mortgage foreclosure sales were made by court appointed masters who reported the sales back for confirmation or rejection by the chancellor. Under the optional statutory procedure provided by said Chapter[2] the sales are conducted by the clerk; and in the absence of timely objection by the defendants such sales are confirmed by operation of law after the prescribed period of time. Kurkjian v. Fish Carburetor Corporation, Fla.App. 1962, 145 So.2d 523. Such was the situation here.
It has long been accepted law that the chancellor may, in the exercise of sound discretion, grant or deny a deficiency decree in a mortgage foreclosure suit. Penn Mutual Life Ins. Co. v. Moscovitz, 1935, 119 Fla. 708, 161 So. 80. This authority of the chancellor persists, though usually in a somewhat different perspective, following the enactment of Fla. Stat. § 702.02 (5), F.S.A.[3] The price bid at foreclosure sale, while conclusive as to efficacy of the sale, is not necessarily conclusive of value on application for a deficiency decree. See e.g. Builders Finance Co., Inc. of St. Petersburg v. Ridgewood Homesites, Inc., Fla. App. 1963, 157 So.2d 551; Kurkjian v. Fish Carburetor Corporation, Fla.App. 1962, 145 So.2d 523. The latter case is fairly determinative of the authority of the chancellor in this connection. In that case the First District Court of Appeal, speaking through Judge Rawls, stated:
"Plaintiff urges that the mortgage foreclosure sale held under the provisions of F.S. § 702.02, F.S.A., has become absolute by the clerk's execution of a certificate of title and that the value of the mortgage property has been conclusively established by the amount bid at the foreclosure sale and may not be questioned on plaintiffs' motion for a deficiency decree. As to the first portion of this point it may well *845 be that the sale price, unless questioned within the time provided by law, is conclusively presumed to be adequate insofar as same is necessary to support the title of the property in the purchaser. However, we do not agree that the value of the property as established by a sale made pursuant to the statutory proceeding is so conclusively presumed as to bind the chancellor in the performance of his judicial duties pertaining to the entrance of a deficiency decree. * * * The basic equitable doctrines applicable to the chancellor's discretion in determining the propriety of granting or refusing the entrance of a deficiency decree in mortgage foreclosure proceedings are founded upon the principle that he may properly inquire into all facts and circumstances, including the adequacy or inadequacy of the sales price, prior to entering his decree."
Reverting to the immediate case, we think the plaintiffs' objections to the affidavit of value submitted on behalf of the defendants were well taken. The affidavit was essentially ex parte from a testimonial standpoint and was otherwise palpably insufficient in comparison with the strong and otherwise uncontradicted showing on behalf of the plaintiffs by witnesses who were present at the hearing and subject to cross examination. This leads us to a consideration of limitations on the discretionary power of the chancellor with respect to denial of deficiency decrees.
In Galloway v. Musgrave, Fla.App. 1963, 154 So.2d 846, 851, this court said:
"The discretion to grant deficiency decrees in mortgage foreclosure suits, provided for by statute (§ 702.06, Fla. Stat., F.S.A.), is not absolute and unbridled but is a `sound judicial discretion' requiring support of established equitable principles. Carlson v. Becker, Fla. 1950, 45 So.2d 116. The exercise of such discretion in denial of a deficiency decree must be supported by disclosed equitable considerations which constitute sound and sufficient reasons for such action. Scheneman v. Barnett, Fla. 1951, 53 So.2d 641; Kissling v. McCarthy, Fla.App. 1958, 100 So.2d 434."
In Colmes v. Hoco, Inc. of Dade County, Fla.App. 1963, 152 So.2d 524, 525, the Third District Court of Appeal held:
"The plaintiff established the obligation due and owing to him, which was reflected in the final decree. A sale of the premises encumbered by the mortgage did not produce sufficient funds to liquidate the obligation and the chancellor denied the motion for deficiency. In order for a chancellor's discretion to be upheld in refusing to award a deficiency decree, the equitable considerations or other sufficient reasons justifying such refusal should be made clearly to appear either in the record before him or in his order declining same. See: Carlson v. Becker, Fla. 1950, 45 So.2d 116; Kissling v. McCarthy, Fla.App. 1958, 100 So.2d 434; Kurkjian v. Fish Carburetor Corporation, Fla.App. 1962, 145 So.2d 523.
"Therefore, no justification or reason for the chancellor's denying the deficiency decree appearing in this record on appeal, said order of denial is reversed, with directions to reconsider the matter of the deficiency upon appropriate proceedings, in light of this opinion and the authorities cited herein."
On the record before us we find no sound discretionary basis for denial of the deficiency decree. The order appealed accordingly is reversed with directions to enter a deficiency decree for the plaintiff agreeable with the views herein expressed.
Reversed with directions.
ALLEN, Acting C.J., and WILLIS, ROBERT E., Associate Judge, concur.
NOTES
[1] Fla. Stat. § 702.06, F.S.A., states:

"In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the court * * *"
[2] Fla. Stat. § 702.021, F.S.A.
[3] Fla. Stat. § 702.02, F.S.A.: "(5) Value of property.  The value of the property sold by the clerk shall be conclusively presumed to be the amount bid therefor and for which the property was sold at the sale, unless objection thereto shall be filed in the cause within ten days after the filing of the clerk's certificate of sale. * * *"