PER CURIAM.
This is an interlocutory appeal by the plaintiff from an order granting defendant’s motion to set aside a foreclosure sale. The appellant instituted its action to foreclose a mortgage for default upon a loan of $450,000 from the plaintiff to the defendant. A final decree of foreclosure was entered and the property covered by the decree was sold as provided by law. At the sale the plaintiff, appellant, was successful bidder upon a bid of $50,000.
Prior to confirmation of said sale the defendant moved to set aside the foreclosure sale upon the ground that “said foreclosure sale is improper, and on the further ground that the consideration for said sale was inadequate, as shown by the transcribed copy of the proceedings at said foreclosure sale on June 18,1964.”
The trial judge granted the motion setting out as follows:
“THIS CAUSE coming on this day to be heard on the Defendant’s, SOUTHERN REALTY & UTILITIES CORP., ‘Motion to Set Aside Foreclosure Sale’ and the Court having heard the argument of counsel and been advised in the premises and finding that the consideration for said sale was inadequate, it is
“ORDERED, ADJUDGED AND DECREED:
“1. That the Motion to Set Aside Foreclosure Sale be and the same is hereby granted.
“2. That resale of the property will be ordered upon motion, notice and further hearing before the Court.”
The transcribed proceedings at the foreclosure sale reveal no bid was made except that of the plaintiff, although representatives of the plaintiff and the defendant were at the sale. There does not appear to have been any irregularity in the proceedings.
The appellant contends that although a chancellor may set aside a foreclosure sale upon a finding of gross inadequacy in the sale price, the sale may not be set aside solely on a finding that the consideration for said sale was inadequate unless coupled with other circumstances having a tendency to cause such inade *524 quacy. In support of this proposition we are cited Maule Industries, Inc. v. Seminole Rock and Sand Company, Fla.1956, 91 So.2d 307.
The appellee urges that, notwithstanding the order of the trial judge setting aside the sale, the record reveals a gross inadequacy of price in that: (1) the original mortgage was given as security for a loan equal to nine times the amount paid for the property at the foreclosure sale, and (2) an affidavit by a competent real estate appraiser attached to the motion to set aside the sale showed the actual value of the land to be $321,150 or more than six times the amount paid.
The question thus presented is whether or not the facts set forth by the appellee are such that the trial court could have found the amount of the sale so inadequate as to shock the conscience of the court.
In making its argument the appellee urges that the reason the amount is unconscionable is that the amount bid may later be the basis for the request for a deficiency decree. Wc must reject this argument. The amount bid at a foreclosure sale does not conclusively establish the value of the property for the determination of the equities upon an application for a deficiency decree. Kurkjian v. Fish Carburetor Corp., Fla.App.1962, 145 So.2d 523; Builders Finance Co., Inc., of St. Petersburg v. Ridgewood Homesites, Inc., Fla.App.1963, 157 So.2d 551; Weinstein v. Park Manor Construction Company, Fla.App.1964, 166 So.2d 842.
We hold that: (1) the sale price of $50,000 is not grossly inadequate, and (2) the fact that the price may have been inadequate is not a sufficient ground for setting aside the sale in the absence of other circumstances tending to cause such inadequacy.
Under authority of the decision of the Supreme Court of Florida in Maule Industries, Inc. v. Seminole Rock and Sand Company, supra, we reverse the order setting aside the foreclosure sale and remand the cause to the trial court for further proceedings.
Reversed and remanded.