PER CURIAM.
The appellant corporation, Premium Groves, Inc., is the owner of a citrus grove that was in the care of the appellee, Grand. Island Citrus Cooperative, Inc. (hereinafter called Cooperative). Appellee Co *552 operative initiated this action in equity against Premium Groves, Inc., on April 5, 1960, in an attempt to enforce certain liens for labor performed and materials supplied under a grove caretaking agreement. Premium Groves counterclaimed for trees allegedly lost or damaged by the Cooperative’s alleged failure to properly care for the groves.
Similar actions were filed by the Cooperative against Lake Norris Groves, Inc., and Mayer Groves, Inc., and similar counterclaims were filed by the defendants. Also connected with this litigation were three actions at law, filed August 28, 1958, by each of the three grove owners against R. D. Flippo, president of the Cooperative, Simon A. Stricklen and their respective wives. The grove owners in the law actions sought damages for alleged breach of warranties concerning the quality of certain trees sold to them or planted for them by the defendants.
All six of the actions were tried together, with jury trial being waived in the law actions. Six separate judgments were rendered, all being adverse to the grove owners. There followed six appeals by the grove owners, which, ultimately, were consolidated by order of this court entered pursuant to a stipulation by the parties. Subsequently, appellants abandoned their appeals from the law actions, therefore only the appealable points of the chancery actions were argued before this court at hearing.
The grove caretaking agreements, dated August 1, 1958, involved the care of young trees, approximately one-third of which had been planted in the spring of 1957, in the Mayer grove, and approximately two-thirds of which had been planted in November and December, 1958, in the Premium grove and Lake Norris grove. During the spring and early summer of 1959, extensive damage was discovered that resulted in a loss of about one-seventh of the grove owners’ trees. This damage formed the gravamen of Premium Groves’ counterclaim, and, of course, also of the other grove owners’ counterclaims.
The appellant has stated three points in its brief, all of which, in effect, boil down to this one question:
Did the chancellor err in declining to find that the appellant’s trees were damaged by a failure of the appellee-caretaker-Cooperative to water them?
The trial judge was confronted with the determination of whether the damage to the trees was caused by the failure of the Cooperative to properly water the trees in the early spring of 1959, or whether it was caused by freezing temperatures in January of 1959. The court’s disposition was merely a denial of the claim.
After having read the testimony adduced below, as well as the briefs of the parties filed in this court, including the extensive appendices filed by the appellant, we conclude that the trial judge had before him sufficient competent evidence to rule either way on the matter. That is to say, there was sufficient evidence to, support a finding that the tree damage resulted from the freeze, as well as a finding that insufficient watering was the cause. Therefore, on the basis of such a conclusion, we must affirm.
It is often said that an appellate court does not re-try the facts of the case, but tries the judge that tried the case to see whether reversible errors were committed in the trial. No assignments in this record are directed to the way the case was handled by the trial judge during any of the trial processes, the conclusion of the judge on the facts being the only error assigned.
The appellant, at trial, relied chiefly on the testimony of two witnesses, a Mr. Conk-lin and a Mr. Walters, both men of experience in citrus grove caretaking. Each of these witnesses testified that the groves in question lacked sufficient moisture, and that the damage resulted from this lack of moisture. In addition, appellant asserted *553 at trial that the watering hills submitted into evidence by the Cooperative, which showed the total number of hours spent in watering appellant’s grove, on their face established insufficient watering.
The appellee relied primarily upon evidence of freezing temperatures that og-curred in January of 1959. At one time the temperature dropped to 23 degrees in the vicinity of the grove. Appellee maintained that young trees could have been injured badly by these temperatures, particularly the temperature of 23 degrees. One of the appellee’s witnesses testified that the groves were frozen to the bank; that the tops were frozen; and that nearby groves suffered very severely from the freezes of 1959.
Further detailing of the evidence set forth in the record is unnecessary, for it can be seen from the above that evidence existed to sustain the lower court’s decision. Moreover, the court had before it testimony from which it could have questioned the good faith, and in turn, the veracity of Mr. Walters’ testimony, in that he was admittedly antagonistic to the president of the Cooperative. There were other factors that the trial judge could have considered in giving more weight to the testimony of the appellee’s witnesses than those of the appellant.
Our Supreme Court, in Larkin v. Tsavaris, Fla.1956, 85 So.2d 731, succinctly stated in its opinion:
“This is a case wherein the chancellor heard all of the testimony and observed the witnesses. His findings are therefore entitled to the highest degree of respect, and we regard all factual disputes with great circumspection. * * ”
We stated in Batman v. Creighton, Fla.App.1958, 101 So.2d 587, cert. denied, Fla., 106 So.2d 199:
“We take this case on appeal after the chancellor had heard all the evidence, determined the weight thereof, had observed the witnesses and determined the credibility of them and, therefore, was in a better position than this court to determine the questions of fact therein presented. We cannot say from the showing made that his decision was erroneous.”
Affirmed.
SMITH, C. J., ALLEN, J., and SIL-VERTOOTH, LYNN N., Associate Judge, concur.