PER CURIAM.
Appellants, defendants below, appeal a mortgage foreclosure decree and deficiency decree in favor of appellees, plaintiffs below.
Defendants executed and delivered to plaintiffs a mortgage covering a motel and restaurant. Plaintiffs ultimately brought a suit to foreclose the mortgage which they contended covered personal as well as real property. Defendants, on the other hand, maintained that the mortgage had been altered without their consent or knowledge to include the personal property. The chancellor found that the mortgage included the personal property in question and granted a final decree in plaintiffs’ favor. Subsequent to the sale of the foreclosed property, plaintiffs were successful in obtaining a deficiency decree against defendants. Defendants have taken appeals from both decrees and these have been consolidated for our consideration.
We have carefully reviewed the record including the testimony as to the events surrounding the execution of the mortgage. Although this testimony is conflicting in some instances, there is sufficient evidence to support the chancellor’s findings. Where a chancellor has heard all the evidence, determined the weight thereof, observed the witnesses and determined their credibility, he is in a better position than an appellate court to determine the questions of fact presented. Premium Groves, Inc. v. Grand Island Citrus Cooperative, Inc., Fla.App.1965, 175 So.2d 551. In such a case, the appellate court will not substitute its judgment for that of the chancellor. Baldwin v. Travelers Insurance Co., Fla.App.1965, 176 So.2d 602.
Whether a deficiency decree is granted or denied rests within the chancel *604 lor’s discretion. Weinstein v. Park Manor Construction Co., Fla.App.1964, 166 So.2d 842. As a general rule, discretionary rulings should be sustained unless there is a showing that the chancellor has abused his discretion. Smoak v. Graham, Fla.1964, 167 So.2d 559. Defendants have failed to demonstrate that the chancellor abused his discretion in granting the deficiency decree.
In view of the foregoing, the decrees appealed are affirmed.
SHANNON, Acting C. J, LILES, J., and DAYTON, ORVIL, Jr., Associate Judge, concur.