PER CURIAM.
The appellants (defendants), Pauline Boyles and Arthur Boyles her husband, appeal a deficiency decree entered pursuant to a nonjury trial in favor of the appellee (plaintiff), Atlantic Federal Savings and Loan Association of Fort Lauderdale, resulting from the foreclosure and sale of the defendants’ property.
Appellants question the trial court’s jurisdiction to enter a deficiency decree when the plaintiff did not move for it until more than ten days had passed after the issuance of the certificate of title.
Plaintiff filed a complaint to foreclose a mortgage against the defendants. The complaint was in the usual form and among other things contained a prayer for “all other and further relief to which in equity it is entitled”. A decree pro confes-so was entered against the defendants followed by a summary final decree of foreclosure in which decree the court retained jurisdiction as follows:
“This Court retains jurisdiction of this cause for the purpose of making any and all further Orders and Decrees herein as may be meet and agreeable in equity, including the entry of a deficiency decree, when and if such deficiency decree shall appear proper.”
After the foreclosure sale and the issuance of the certificate of title conveying the property plaintiff more than ten days thereafter moved for a deficiency decree. Defendants joined issue and moved to dismiss. After trial on the issue of the deficiency the court denied the motion to dismiss and entered a deficiency decree in the sum of $2,003.26. It is this deficiency decree that the defendants now appeal.
In Colmes v. Hoco, Inc., Fla.App. 1963, 152 So.2d 524, the court said:
“As to the jurisdiction of the chancellor to entertain the motion for deficiency; it is apparent that having reserved jurisdiction to consider such an issue in the final decree, he certainly had the jurisdiction if there was a timely application made for a deficiency. It appears from the authorities that a timely application for a deficiency would be either the period within the limitation statute for instituting a cause of action under the note and mortgage [see: 22 Fla.Jur., § 417], or the one-year period within which the cause could have been abated pursuant to § 45.19 Fla.Stat., F.S.A., whichever period occurred first.”
No special prayer for a deficiency decree was contained in the complaint, but there was a general prayer for relief which would be sufficient to permit the chancellor, in his discretion, to render a deficiency decree if an appropriate motion therefor was made. See: Kraus v. Liberty School of Aviation, Inc., Fla.App.1961, 133 So.2d 571; Rubin v. Kapell, Fla. App.1958, 105 So.2d 28; Coffrin v. Sayles, *911 1937, 128 Fla. 622, 175 So. 236. The remaining point raised on appeal is without merit.
Affirmed.
ANDREWS and CROSS, JJ., and LEAVENGOOD, C. RICHARD, Associate Judge, concur.