**BROGDEN v. McDUFFIE, et al.**

No. 4598.

Circuit Court, Lake County.

April 7, 1970.

Roy C. Summerlin, Winter Haven, for the plaintiff.

W. TROY HALL, Jr., Circuit Judge.

*Deficiency judgment:* This matter came on for hearing before the court on plaintiff's petition for deficiency judgment. Notice of hearing was served upon the defendant, Billy R. McDuffie, but he failed to appear either in person or through an attorney. Plaintiff appeared through her attorney, Roy C. Summerlin.

The file in this action reveals that the mortgage foreclosed was in the original amount of $133,000; that it was a purchase-money mortgage and encumbered a citrus grove; that the defendant not only defaulted in the payment of principal and interest but also in the payment of 1968 and 1969 ad valorem taxes; that he defaulted in the covenant to construct a dwelling house upon the premises of a value of $10,000; that he defaulted in the payments of principal and interest due and owing on the first mortgage on the premises; that he defaulted in his obligation to care for and maintain the citrus grove in accordance with the good husbandry covenant of plaintiff's mortgage.

Final judgment of foreclosure was entered for principal, interest, costs and attorney's fee in the amount of $159,407.39 on December 15, 1969; at judicial sale held pursuant to final judgment, plaintiff purchased the premises for a bid of $110,000; that no other bidders appeared at the sale; no objection to the certificate of sale was filed within the statutory period or thereafter.

It further appears that plaintiff's bid in the amount of $110,000 was based upon an appraisal of the property secured by the plaintiff of the fair market value of the premises; that the fair market value had depreciated by virtue of the defendant's failure to fulfill the covenants required in the mortgage with reference to the care and maintenance of the citrus grove; that he failed to properly irrigate, fertilize, cultivate and spray the grove to such an extent that a substantial loss in value occurred.

It further appears to the court that §702.02(5), Florida Statutes 1969, provides that where no objection to the certificate of sale is filed within ten days, the amount bid for the property shall be conclusively presumed to be its fair market value.

It further appears to the court that the case of Nathanson V. Weston, 163 So.2d, 41, a 1964 decision of the Third District Court of Appeal, establishes the rule of law that while the granting or denial of a deficiency decree is a matter for the sound judicial discretion of the trial court the rule is and has been that in cases involving denials of deficiency decrees a refusal to grant such a decree will be reversed unless the record discloses facts and circumstances creating equitable considerations upon which the court could properly deny the deficiency decree in the exercise of its discretion.

This court further notes that the case of Builders Finance Company v. Ridgewood Homesites, Inc., 157 So.2d, 551, a 1963 decision of the Second District Court of Appeal, establishes ample authority for the entry of a deficiency judgment in the foreclosure of a purchase-money mortgage.

It is the judgment of the court that all of the factors necessary as a condition precedent for the granting of a deficiency judgment appear in this case; that no reason has been furnished for the denial of a deficiency judgment by the defendant by pleadings or evidence.

It is, therefore, considered, ordered and adjudged that the plaintiff, Illa Van Clief Brogden, do have and recover of and from the defendant, Billy R. McDuffie, a deficiency judgment in the amount of $50,809.41 for which let execution issue.