374 So.2d 1121 (1979)
S/D ENTERPRISES, INC., Appellant,
v.
The CHASE MANHATTAN BANK, Appellee.
No. 78-1873.
District Court of Appeal of Florida, Third District.
September 11, 1979.
*1122 Alfred J. Anton, Miami, for appellant.
Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff and Albert G. Caruana, Miami, for appellee.
Before HENDRY, BARKDULL and KEHOE, JJ.
KEHOE, Judge.
Appellant, plaintiff below, brings this appeal from an order of the trial court granting a deficiency judgment against it in an action for damages for appellee's defendant below, failure to fund certain sums under a mortgage loan agreement between the parties and on appellee's counterclaim for foreclosure of its mortgages.[1] We affirm.
The primary question presented to us by the appeal is the propriety of the trial court's entry of the deficiency judgment. Appellant argues that such judgment should not have been entered because the mortgage lender's (appellee) wrongful conduct substantially and directly contributed to the mortgagor's (appellant) inability to pay the mortgage loan and, therefore, no deficiency judgment should have been entered after foreclosure.
The granting of a deficiency decree in a mortgage foreclosure action is a matter for the sound judicial discretion of the trial court. See, e.g., Maudo, Inc. v. Stein, 201 So.2d 821 (Fla. 3d DCA 1967); Nathanson v. Weston, 163 So.2d 41 (Fla. 3d DCA 1964); and Colmes v. Hoco, Inc., of Dade County, 152 So.2d 524 (Fla. 3d DCA 1963). Generally, the granting of a deficiency judgment is the rule rather than the exception, unless there are facts and circumstances creating equitable considerations upon which a court should deny the deficiency decree in the exercise of its discretion. See Maudo, cited above; and Colmes, cited above. Thus, an exercise of sound judicial discretion consonant with equity in the light of the facts should not be disturbed on appeal unless there is a showing of a clear abuse of sound judicial discretion. See, e.g., Matlock v. Owen, 181 So.2d 602 (Fla. 2d DCA 1966); and Builders Finance Company, Inc. v. Ridgewood Home Sites, 157 So.2d 551 (Fla. 2d DCA 1963).
After a careful review of the record in this case, in light of the principles set forth above and the other applicable principles governing appeals, we are of the opinion that the trial court properly exercised its discretion by entering the deficiency decree. Accordingly, the judgment appealed is affirmed.
Affirmed.
NOTES
[1] For the prior history and additional facts in this case see Chase Manhattan Bank v. S/D Enterprises, Inc., 353 So.2d 131 (Fla. 3rd DCA 1977); and S/D Enterprises, Inc. v. Chase Manhattan Bank, Case No. 76-1680 (Fla. 3d DCA, oral argument heard May 1, 1979).