376 So.2d 873 (1979)
Jerome C. STEKETEE, Not Individually, but As a Successor Trustee to J. Fred Risk and Charles W. Robertson, Trustees of Indiana Mortgage and Realty Investors, a Maryland Real Estate Investment Trust, Appellants,
v.
BALLANCE HOMES, INC., and Halprin Realty, Inc., Appellees.
Nos. 78-1453, 78-2032.
District Court of Appeal of Florida, Second District.
October 12, 1979.
Rehearing Denied November 8, 1979.
*874 Philip W. Watson of Akerman, Senterfitt & Eidson, Orlando, for appellants.
Bruce Marger of Goldner, Reams, Marger, Davis, Piper & Kiernan, St. Petersburg, for appellees.
OTT, Judge.
In January, 1975, Indiana Mortgage & Realty Investors (Investors) filed an action to foreclose a mortgage securing a delinquent promissory note which Ballance Homes, Inc. (Ballance) had executed and Halprin Realty, Inc. (Halprin) had guaranteed in 1973. In addition to foreclosure, the complaint sought judgment for any deficiency should proceeds of the sale of the 23 acres of realty covered by the mortgage be insufficient to cover the note.
In March, 1975, neither Ballance nor Halprin having filed an appearance, default and final judgment of foreclosure were entered, reserving jurisdiction to determine any deficiency at a later date. A foreclosure sale was then duly held.
No further proceedings were taken in this action until December, 1977, but in that two and a half year interval Investors was embroiled in several other lawsuits concerning the subject real property. First, in July, 1975, a bank holding a junior mortgage on 13 of the 23 acres filed a foreclosure action which succeeded on a theory that since the proceeds of the bank's loan to Ballance had been used to pay off a mortgage senior to Investors' mortgage, the bank had been subrogated to the prior rights of the senior mortgagee. That action was not finally terminated until January, 1977.
In 1976, because of the subrogation suit, Investors had filed suit against the title company which had insured the priority of their mortgage. That action was not terminated until October, 1977, when the court in which it was pending ruled in favor of the title company on the grounds that the policy of title insurance had disclosed and excluded the senior mortgage to which the bank had been subrogated, therefore, the bank's junior mortgage had not prevailed over Investors' mortgage.
While the suit against the title company was still pending Investors filed (in August, 1977) a new action against Ballance and Halprin for a deficiency judgment under the mortgage. Later, in December, 1977, Investors filed a motion in the original foreclosure suit for (1) determination of a deficiency judgment and (2) consolidation of the foreclosure action with the recently filed deficiency action. Ballance and Halprin moved to strike the motion for determination of deficiency on the grounds that it should have been filed within one year after the foreclosure sale, citing Colmes v. HOCO, Inc. of Dade County, 152 So.2d 524 (Fla. 3d DCA 1963). They also moved, in the new deficiency action, for summary judgment on the grounds that the court in the foreclosure action had retained exclusive jurisdiction to determine any deficiency, citing First Federal Savings & Loan Association of Broward County v. Consolidated Development Corp., 195 So.2d 856 (Fla. 1967).
In March, 1978, the court granted the motion to strike the motion for determination of deficiency in the original foreclosure action, relying on Colmes, supra. In May, 1978, the court granted the defense motion for summary judgment in the deficiency action, relying upon First Federal Savings & Loan Assoc., supra.
*875 So, in June, 1978, Investors filed another petition for determination of deficiency in the original foreclosure action. In July, 1978, on motion by Ballance and Halprin, again in reliance upon Colmes, supra, the court dismissed that petition on the grounds that Investors had let the cause lie dormant for two and a half years instead of seeking a deficiency judgment within one year after the foreclosure sale, as required by Colmes.[1] Investors' appeal of this dismissal is Case No. 78-1453. We reverse this order of dismissal because the court below misinterpreted Colmes.
Following the second dismissal of its petition for deficiency in the original foreclosure action, Investors filed a second independent action for deficiency judgment against Ballance and Halprin in August, 1978, pursuing a theory that once the court in the foreclosure action refused to exercise its exclusive jurisdiction to determine the deficiency, the rule enunciated in First Federal Savings & Loan Assoc. would not bar the maintenance of the independent action sanctioned by Section 702.06, Florida Statutes.
In October, 1978, the second independent action was dismissed with prejudice on the motion of Ballance and Halprin on the grounds that the order dismissing the petition for determination of deficiency in the foreclosure action was res judicata of Investors' entitlement to a deficiency judgment. Investors also appealed that order of dismissal and is Case No. 78-2032. In view of our decision in Case No. 78-1453, the appeal in this case, No. 78-2032, becomes moot.
Adverting again to the main appeal  No. 78-1453  it is well established that when a court reserves jurisdiction in a decree of foreclosure to enter a deficiency judgment in the final decree, the court may proceed to do so at any time thereafter, subject only to its obligation under Fla.R. Civ.P. 1.420 to dismiss any action when good cause is not shown for inactivity in the case for a period of a year. Colmes v. HOCO, Inc., supra; Galloway v. Musgrave, 154 So.2d 846 (Fla. 2d DCA 1963); Boyles v. Atlantic Federal Savings & Loan Ass'n., 201 So.2d 909 (Fla. 4th DCA 1967). If the deficiency is denied on any other ground, the court must set forth equitable considerations which constitute sound and sufficient reasons for such action. Galloway, supra; Hamilton Investment Trust v. Escambia Developers, Inc., 352 So.2d 883 (Fla. 1st DCA 1977).
Here the sole reason given for the denial of a deficiency was that the case had been dormant for two and half years. True, unless such inactivity were properly explained the court would have been not only justified but bound to refuse to take further proceedings of any nature. But Investors presented proper evidence of all the related litigation which had been taking place, and we believe it was an abuse of discretion to deny to Investors relief to which they were entitled. There was an ample showing of good cause for the lack of activity in the action, and there was no showing whatsoever by Ballance and Halprin that they were in any way prejudiced by the delay.
Investors had made serious and substantial efforts to (1) mitigate their loss by seeking recovery from other sources and resisting demands tending to increase their loss and (2) pursue their right to a deficiency against Ballance and Halprin. Success in the first of those endeavors would have been of undeniable benefit to Ballance and Halprin. As for the attempts to recover a deficiency in the independent suits, while *876 we have no quarrel with the principles on which those efforts were quelled, it ill comports with concepts of justice and fairness to first deny a claimant the right to maintain a separate suit, because he has a vehicle for relief already pending, and then slam the courthouse door in his face when he acquiesces in that reasoning and applies for such relief in that pending action.
In Case No. 78-1453, the order dismissing the petition for determination of deficiency is reversed with instructions to the circuit court to consider the petition and enter such deficiency judgment as it deems equitable and sufficient in view of the evidence presented.
Since Case No. 78-2032 is thus rendered moot, it is dismissed with each party to bear its own cost in that appeal.
HOBSON, Acting C.J., and DANAHY, J., concur.
NOTES
[1] The court below also mentioned in its ruling that since the foreclosure action was equitable in nature, the doctrine of laches would bar such tardy application for relief. We need not address that contention, however, since it was merely an ancillary comment in the nature of dicta. It is our understanding, however, that the doctrine of laches is to actions in equity what the statutes of limitation are to actions in law. Shew v. Kirby, 135 So.2d 770 (Fla. 2d DCA 1961). It thus operates to bar rights which are not asserted seasonably. Cone v. Benjamin, 157 Fla. 800, 27 So.2d 90 (1946). Here the complaint filed in 1975 had properly asserted the right to a deficiency judgment, and the defendants were then put on notice of what to expect in that regard.