GLICKSTEIN, Judge.
Appellants were initially defendants in an action to foreclose rental property brought by appellee. In that action a final judgment of foreclosure was entered in which appellants were found to owe appellee $1,813,420.76. On June 20, 1977, appellee purchased the rental property at foreclosure sale upon its bid of $450,000. No deficiency was sought at that time. In 1978 appellee brought the instant case against appellants for $1,350,920.60 which was the sum due pursuant to the foreclosure, plus costs of the sale, less the sum bid and additional monies turned over by receiver.
In the present action the trial court found the value of the property on the date of the foreclosure sale to be $1,300,000. The parties agree that value at the time of sale was the sole issue before the trial court. On appeal it is asserted that the court should have accepted appellants’ experts’ testimony of value rather than appellees’ expert’s lower valuation. A judgment in the sum of $1,813,320.76[1] less $1,300,000 or $513,320.76, plus interest, was entered. We affirm.
The non-jury trial of the case commenced with appellee’s proof that the bid price of the property was $450,000. Appellants then offered the testimony of two expert real estate appraisers. The first, Mr. Bondaren-ko, testified that he determined the market value of the subject property to be $1,700,-000 in May, 1977. He based his appraisal primarily on the income approach to value, *113 but also applied the cost approach. The second, Mr. Calloway, had been instructed to appraise the property solely on the cost approach as of June 6,1977. In his opinion the value of the property was $1,812,000. Appellee called on rebuttal a third appraiser, Mr. Failla, who testified that he appraised the property by using all three recognized approaches — market data, income and cost. Mr. Failla opined that the value of the property was $1,260,000 based on the market data approach, $1,200,000 based on the income approach, and $1,600,000 based on the cost approach. He described the income approach as the most germane and said that the accuracy of the cost approach was highly suspect because of the difficulty of an appraiser who is not an engineer to determine the amount of depreciation without tearing down the walls to look at the plumbing, electrical and other components. Mr. Failla said that the discrepancy between his appraisal and that of Mr. Bondar-enko was the result of the use by the latter of a different capitalization rate and lower expense figure.
There was substantial testimony to establish the rundown condition of the property at the time of the foreclosure, the relatively high rate of vacancy and the questionable economic reliability of existing tenants. Mr. Blumenthal, appellee’s property manager, testified that it took six months to refurbish the property, commencing in July, 1977; and Mr. Diehl, appellee’s marketing officer, testified that appellee spent $123,-602.07, exclusive of debt service, the year following foreclosure when appellee had the property. Mr. Smith, vice president of ap-pellee, testified that in his opinion the value of the property on the date of foreclosure sale was between $1,100,000 and $1,200,000, and that the property was sold about July 1, 1978 for $1,550,000.
The principles governing this case are those stated in S/D Enterprises, Inc. v. Chase Manhattan Bank, 374 So.2d 1121, 1122 (Fla.3d DCA 1979):
The granting of a deficiency decree in a mortgage foreclosure action is a matter for the sound judicial discretion of the trial court. Generally, the granting of a deficiency judgment is the rule rather than the exception, unless there are facts and circumstances creating equitable considerations upon which a court should deny the deficiency decree in the exercise of its discretion. Thus, an exercise of sound judicial discretion consonant with equity in the light of the facts should not be disturbed on appeal unless there is a showing of a clear abuse of sound judicial discretion. (Citations omitted).
See also Carlson v. Becker, 45 So.2d 116 (Fla.1950); Flagship State Bank of Jacksonville v. Drew Equipment Co., 392 So.2d 609 (Fla. 5th DCA 1981); Vanguard Construction Co. v. Lewis State Bank, 348 So.2d 72 (Fla.1st DCA 1977); Sohn v. Cominole, 253 So.2d 898 (Fla.1st DCA 1971); and Section 702.06, Florida Statutes (1979).
Sub judice the foregoing evidence amply supports the trial court’s decision. Accordingly, the final judgment is affirmed.
AFFIRMED.
MOORE and BERANEK, JJ., concur.

. There is discrepancy of $100 between the amount appellants owed appellees as recorded in the final judgment of foreclosure in the previous action and the figure the trial court sub judice used; i. e., the final judgment of foreclosure recites that $1,813,420.76 was owed to appellees, while the final judgment now on appeal states the figure to be $1,813,320.76. Since the parties have not raised this on appeal, we shall not disturb the clerical error.