467 So.2d 345 (1985)
Lawrence F. WILSON, Appellant,
v.
ADAMS & FUSSELLE, INC., Appellee.
No. 84-1538.
District Court of Appeal of Florida, Second District.
March 8, 1985.
Rehearing Denied April 22, 1985.
*346 Jon H. Anderson, Lakeland, for appellant.
Pierce J. Guard, Jr., Lakeland, for appellee.
CAMPBELL, Judge.
The appellant in this appeal seeks review of the order of the trial court which denied appellant's motion for a deficiency judgment. Appellant was the seller and appellee the buyer in an agreement for deed executed on September 16, 1980. The agreement for deed involved the sale of unimproved real property for $30,500. Appellee paid $2,750 down, with the balance due in installments, the first due on April 16, 1981. Appellee paid none of the installments and appellant instituted the foreclosure action below on April 12, 1982. After final judgment of foreclosure, a foreclosure sale ensued at which appellant was the sole bidder. He purchased the property at the foreclosure sale for his bid of $100.00 and thereafter sought a deficiency decree.
At the hearing on the motion for the deficiency decree, both parties presented experts who testified as to market value of the property in amounts varying from $14,400 to $50,800. On the basis of the evidence, the trial court declined to enter a deficiency judgment. We affirm.
It is undisputed that the granting of a deficiency decree in a foreclosure action is always a matter for the sound judicial discretion of the trial judge in light of the facts of the case, and will not be disturbed absent a positive showing of a clear abuse of discretion. Weinstein v. Park Manor Construction Co., 166 So.2d 842 (Fla. 2d DCA 1964); Matlack v. Owen, 181 So.2d 602 (Fla. 2d DCA 1966); Builders Finance Co., Inc. v. Ridgewood Homesites, Inc., 157 So.2d 551 (Fla. 2d DCA 1963).
While granting of deficiency judgments is the rule rather than the exception, a denial is proper and will not be disturbed absent a clear abuse of discretion where there are facts and circumstances that create equitable considerations supporting the trial court's denial. Baxter v. Kobs, 451 So.2d 955 (Fla. 3d DCA 1984); S/D Enterprises, Inc. v. Chase Manhatten Bank, 374 So.2d 1121 (Fla. 3d DCA 1979); Hamilton Investment Trust v. Escambia Developers, Inc., 352 So.2d 883 (Fla. 1st DCA 1977). If the value of the foreclosed property exceeds the debt, the trial court is authorized to deny a deficiency. Though the evidence before the trial judge below was conflicting, there is competent substantial evidence in the record to conclude that the trial judge so found. Hamilton Investment Trust. We, therefore, conclude that the record does not contain a positive showing of a clear abuse of discretion on the part of the trial court. It is not proper for us to reweigh or re-evaluate the evidence before the trial court or substitute our judgment for his. Matlack.
Affirmed.
SCHEB, A.C.J., and LEHAN, J., concur.