NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ZOO-LAND, LLC, a Florida limited )
liability company, JUAN C. )
COGOLLOS, JOEL E. KEY AND )
EDUARDO SCHEUREN, )
)
     Appellants, )
)
v. )    Case No. 2D17-1170
)
PREMIER AMERICAN BANK, N.A., )
as Assignee of PENINSULA BANK, a )
Florida corporation, )
)
     Appellee. )
_____ )

Opinion filed October 10, 2018.

Appeal from the Circuit Court for Sarasota
County; Frederick P. Mercurio, Judge.

Wilfredo A. Rodriguez of Avila Rodriguez
Hernandez Mena & Ferri, LLP, Coral
Gables, for Appellants.

Andrew Fulton, IV of Kelley & Fulton,
P.A., West Palm Beach, for Appellee.

KELLY, Judge.

      Zoo-Land, LLC, Juan Cogollos, Joel Key, and Eduardo Scheuren appeal

from the deficiency judgment entered against them in favor of Florida Community Bank,

N.A., f/k/a Premier American Bank, N.A.  We affirm the deficiency judgment as to Zoo-Land.  However, we reverse the deficiency judgment as to the individual appellants because unresolved factual issues should have precluded the trial court from granting summary judgment on the issue of their liability as guarantors of Zoo-Land's debt.

Mr. Cogollos, Mr. Key, and Mr. Scheuren were guarantors on a loan the bank made to Zoo-Land.  The loan was secured by a mortgage on undeveloped land.  When Zoo-Land defaulted on the loan, the bank sought a foreclosure judgment on the mortgaged property and damages for breach of the note and guarantees.  The appellants filed an answer and affirmative defenses challenging, among other things, the bank's claim on the personal guarantees.

The litigation progressed and eventually the bank moved, unsuccessfully, for summary judgment on all counts of its complaint, including the claims against the guarantors.  Although the bank failed to obtain the summary judgment, ultimately the court entered a final judgment of foreclosure in its favor.  The final judgment reserved jurisdiction to enter further orders, including a deficiency judgment.

After the property was sold at a foreclosure sale, the bank filed a motion for a deficiency judgment and moved for summary judgment against the guarantors on the guarantees.  In opposition, the guarantors filed affidavits describing an oral modification to the terms of the loan in which they "agreed to the entry of a final judgment of foreclosure as to Zoo-Land, [and in exchange] the bank would not pursue any claims for damages against the individual guarantors under the guarantees or any deficiency."  After a hearing, the trial court granted the bank's motion for summary judgment on the guarantees and entered a deficiency judgment in favor of the bank.

Initially, the guarantors argue that the trial court did not have jurisdiction to enter the deficiency judgment. This claim has no merit. The foreclosure complaint included a claim for a deficiency and it asserted claims against the guarantors on the guarantees. The final judgment of foreclosure reserved jurisdiction to enter further orders as necessary, including a deficiency. Accordingly, the trial court had jurisdiction to enter the deficiency judgment against Zoo-Land as well as the guarantors. See Steketee v. Ballance Homes, Inc., 376 So. 2d 873, 875 (Fla. 2d DCA 1979) ("[I]t is well established that when a court reserves jurisdiction in a decree of foreclosure to enter a deficiency judgment in the final decree, the court may proceed to do so at any time thereafter . . . ."); see also L.A.D. Prop. Ventures, Inc. v. First Bank, 19 So. 3d 1126, 1128 (Fla. 2d DCA 2009) (noting that a motion for deficiency is a continuance of the foreclosure proceedings).

Next, the appellants argue that the trial court abused its discretion in granting the motion for a deficiency. We disagree. "[T]he granting of a deficiency decree in a foreclosure action is always a matter for the sound judicial discretion of the trial judge in light of the facts of the case, and will not be disturbed absent a positive showing of a clear abuse of discretion." Wilson v. Adams & Fusselle, Inc., 467 So. 2d 345, 346 (Fla. 2d DCA 1985). Under the facts and circumstances of this case, the appellants have failed to demonstrate that the trial court abused its discretion in granting the deficiency judgment.

Finally, the appellants contend that the trial court erred in granting summary judgment because the bank did not sufficiently negate its defenses of laches and equitable estoppel. We reject the appellants' argument regarding laches; however,

we agree that genuine issues of material fact exist regarding the appellants' claim of equitable estoppel.

"Summary judgment is proper only where the moving party shows conclusively that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law." Coral Wood Page, Inc. v. GRE Coral Wood, LP, 71 So. 3d 251, 253 (Fla. 2d DCA 2011). The movant "must not only establish that no genuine issues of material fact exist as to the parties' claims, but it also must either factually refute the affirmative defenses or establish that they are legally insufficient." Konsulian v. Busey Bank, N.A., 61 So. 3d 1283, 1285 (Fla. 2d DCA 2011).

The bank did not carry its burden to obtain summary judgment. The Key and Scheuren affidavits raise issues of material fact as to whether the bank orally agreed to waive any claims against the guarantors if they agreed to the foreclosure judgment against Zoo-Land and whether the guarantors' detrimentally relied on that agreement. Because the bank neither factually refuted this defense nor established that it was legally insufficient, it was not entitled to summary judgment. See id.

Accordingly, we reverse the trial court's order of summary judgment, vacate the deficiency judgment entered in the bank's favor, and remand for further proceedings.

Reversed and remanded.

SILBERMAN and BADALAMENTI, JJ., Concur.

- 4 -